UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS,<br>Plaintiff,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC.,<br>AND LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-403T |

**ANSWER OF DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), hereby answers the allegations contained in Plaintiff's Complaint as follows:

1. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Liberty Life denies the allegations in paragraph 2, and in further responding, respectfully refers the Court to the terms of the short-term and long-term disability plans offered by Citizens Financial Group, Inc., which explain the parties' respective roles.

3. Liberty Life denies the allegations in paragraph 3, and in further responding, respectfully refers the Court to the terms of the short-term and long-term disability plans offered by Citizens Financial Group, Inc., which explain the parties' respective roles.

4. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

5. Liberty Life states that Plaintiff's medical records and the Administrative Record of which they are a part speak for themselves. In further responding, Liberty Life respectfully

7

refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record regarding her surgery.

6. Liberty Life admits so much of this paragraph as alleges that Plaintiff received short-term disability benefits beginning on February 24, 2003. Liberty Life denies the remaining allegations in this paragraph and, in further responding, respectfully refers the Court to the Administrative Record.

7. Liberty Life states that the letter dated July 29, 2003 and the Administrative Record of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

8. Liberty Life states that the letter dated July 29, 2003 and the Administrative Record of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

9. Liberty Life states that all documents related to any requests made by Plaintiff to Liberty Life relating to short-term and/or long-term disability benefits and the Administrative Record of which those documents are a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

10. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

11. Liberty Life states that the letter dated January 2, 2004 and the Administrative Record of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

12. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

13. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

14. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

15. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except admits that it recommended that the denial of benefits for Plaintiff be maintained. In further responding, Liberty Life respectfully refers the Court to the Administrative Record.

16. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. In further responding, Liberty Life respectfully refers the Court to the administrative record.

17. Liberty Life denies the allegations relating to it in paragraph 17.

18. Liberty Life denies the allegations relating to it in paragraph 18.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;
2. Judgment entered on its behalf on all counts;
3. It be awarded its costs and attorney's fees; and
4. The Court award such other relief as may be just and proper.

Respectfully submitted,
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys

Christopher J. Campbell, R.I. Bar No. 6611
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700 telephone
(401) 454-8855 fax

Andrew C. Pickett
(Moving for Admission *Pro Hac Vice*)
Richard W. Paterniti
(Moving for Admission *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

DATED: October 29, 2004