UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| VS | : | C.A. NO. 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

**DEFENDANT CITIZENS FINANCIAL GROUP , INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Citizens Financial Group, Inc. moves for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. In support of this motion, Defendant relies on the memorandum of law and statement of undisputed facts filed herewith.

CITIZENS FINANCIAL GROUP, INC.
By its Attorneys,

Joseph D. Whelan (#5694)
Kristie L. McCann (#6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
401-274-2000
401-277-9600 (fax)

Dated: June 22, 2005

**CERTIFICATION**

To:

Anthony J. DiOrio, Esq.
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903

Andrew C. Pickett, Esq.
Richard W. Paterniti, Esq.
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116

Monica Horan, Esq.
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861

I hereby certify that I mailed a copy of the within Defendant Citizens Financial Group, Inc's Motion for Summary Judgment to counsel of record, as above, on the 22nd day of June, 2005.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| VS | : | C.A. NO. 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

**DEFENDANT CITIZENS FINANCIAL GROUP , INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Joseph D. Whelan (#5694)
Kristie L. McCann (#6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)

Dated: June 22, 2005

A. TABLE OF CONTENTS


B. Description of Motion .................................................. 2

C. Facts .......................................................................... 2

1. The Plans ......................................................... 2

2. Brief History of Plaintiff's Claims for Benefits ............... 3

3. Summary of Legal Proceedings to Date ........................ 6

D. Issues ........................................................................ 7

E. Points and Authorities .................................................. 7

1. Standard of Review for Summary Judgment ..................... 7

2. The Fact Finder in an ERISA Benefit Determination Does Not Have Plenary Jurisdiction ........................................ 8

3. Citizens' Decision to Deny Plaintiff's Initial Claim for Disability Benefits Beyond June 13, 2003 Was Correct .................... 10

4. Citizens' Decision to Deny Plaintiff's First Appeal from Denial of Benefits Beyond June 13, 2003 Was Correct .................... 12

5. Citizens' Decision to Deny Plaintiff's Second Appeal from Denial Of Benefits Beyond June 13, 2003 was Correct ................. 16

6. Citizens Fully Complied with the Requirements of ERISA in its Handling of Plaintiff's Claims ..................................... 18

7. The Standard for Obtaining Benefits Under the Plan Documents is More Stringent than the Standard for Obtaining Benefits through the Social Security Administration ................................ 19

8. Conclusion .......................................................... 19

9. Table of Authorities ................................................ 21

## B. DESCRIPTION OF MOTION

Plaintiff, Maureen Beauvais has asserted claims against Citizens Financial Group, Inc. ("Citizens") and Liberty Life Assurance Company of Boston ("Liberty") under 29 U.S.C. §1133 for recovery of Short-Term Disability Benefits and Long-Term Disability Benefits. As discussed more fully below, Citizens is entitled to summary judgment because Citizens (1) acted in compliance with the ERISA guidelines, specifically with §503 of ERISA, by providing Plaintiff with a *full and fair review* of her claims for disability benefits (2) acted correctly when it determined that Plaintiff did not meet the definition of "disabled" pursuant to the Plan, and (3) acted *reasonably* throughout its review and denial of benefits.

## C. FACTS[1]

In this action, Plaintiff seeks an award of Short-Term and Long-Term Disability Benefits under the Plans available to her as a result of her employment with Citizens Bank.

### 1. The Plans

In February of 2003, Plaintiff was employed by Citizens as an Assistant Manager in the Consumer Finance Department at the Citizens branch located in Warwick, Rhode Island. (Citizens' Answer to Plaintiff's Complaint, ¶ 4). As part of her employment with Citizens, Plaintiff was offered coverage under a self-funded short-term disability plan. Pursuant to the "Group Disability Risk Management Agreement" between Citizens and Liberty, Liberty provided claims management to Citizens on an *administrative services*

[1] The relevant facts are set forth in detail in the accompanying statement of facts. The citations are to bates numbers in the record provided by Defendant Liberty.

*basis*, and Citizens retained the authority to make final decisions under the short-term disability plan. (AR00043-AR00077). Essentially, Citizens contracted with a third party, Liberty, to provide administrative services with respect to *review of claims* and *recommendations*.

With respect to the long-term disability plan offered to Citizens employees, Liberty insured long-term disability benefits under a "Group Disability Income Policy" issued to Citizens. (AR00001-AR00042). Under this policy, Liberty had discretionary authority to construe the terms of the policy and make decisions on claims.

2. **<u>Brief History of Plaintiff's Claims for Benefits</u>**

Plaintiff Maureen Beauvais underwent a thyroidectomy on February 24, 2003. (AR00100). Therefore, Plaintiff took a medical leave on February 24, 2003. (AR00156). Plaintiff was determined to be eligible for, and began receiving, short-term disability benefits on or about February 25, 2003 (Plaintiff's Complaint, ¶6). From February 25, 2003 through June 2, 2003, Plaintiff regularly forwarded additional medical records and progress notes and spoke on the telephone with claim representatives at Liberty regarding requests for extensions of her short-term benefits based on a longer recovery period than originally expected from her thyroidectomy, cervical spine symptoms, cervical degenerative disease, neck pain, muscle spasms, and arthritic symptoms. (AR0093-AR00100). On April 7, 2003, Plaintiff returned to work on a part-time basis. Her return to work, however, lasted for only one week. (AR00097). Based on the combination of factors referenced above, Plaintiff's short-term disability benefits' claim was extended through June 13, 2003.

On or about June 17, 2003, Plaintiff again requested an extension of her short-term benefits, and advised Liberty that one of her physicians, Dr. Khaund, had suggested she would be out of work for another eight (8) weeks. (AR00092). The Plaintiff cited depression and vertigo as additional reasons why she needed an extension of her short-term benefits. This claim was sent by Citizens to Liberty for review and recommendation. Additional medical documentation supporting Plaintiff's claim was requested from Plaintiff's treating physicians by Liberty. (AR00091-AR00092). The Plaintiff's medical documentation was then reviewed by Orthopedic Physician Dr. Anthony Parisi on July 15, 2003. Based on the full and fair review by Dr. Parisi, Liberty recommended to Citizens that the denial of benefits beyond June 13, 2003 be sustained because Plaintiff did not meet the definition of "Disabled" under the Plan. Citizens agreed with this recommendation. On July 29, 2003, Plaintiff was notified by mail that her short-term disability claim had been closed effective June 14, 2003. (AR00090 & AR00223). Plaintiff was also notified that she was not eligible for long-term disability benefits because she had not fulfilled the Plan's required "Elimination Period." (AR00226).

On or about January 12, 2004, Plaintiff filed an appeal from Citizens' denial of short-term benefits beyond June 13, 2003. (AR00089). Plaintiff also provided additional medical records and reports at that time. Included in these records were records indicating that Plaintiff had undergone rotator cuff surgery on November 7, 2003. On or about January 15, 2004, Plaintiff's complete file at the time was given to Nurse Debra Kaye for review. (AR00080-AR00081). On January 16, 2004 Nurse Kaye reported that an award of Short-Term disability benefits was not supported beyond June 13, 2003.

Nurse Kaye noted that there were inconsistencies in the appeal information and contradictory information in the physical examination records supplied on appeal by claimant. (AR00079). On or about January 22, 2004, Plaintiff's file was reviewed by Internal Medicine physician, Dr. John Holbrook, M.A., M.D., F.A.C.E.P. (AR00188). After a full and fair review of the Plaintiff's complete file, Dr. Holbrook formed the opinion that there was insufficient information in the medical record to support benefits beyond June 13, 2003. (AR00188-AR00189). Liberty even went one step further and had Plaintiff's updated file reviewed *again* by Orthopedist Dr. Parisi. (AR00185). Dr. Parisi opined that his professional opinions were unchanged upon review of the additional materials supplied by Plaintiff and her treating physicians. (AR00185-AR00186).

All three healthcare professionals concluded that there was no medical documentation to indicate that Plaintiff suffered from an ongoing disability from June 11, 2003 through November 7, 2003. Therefore, because benefits were not supported beyond June 13, 2003, and because Plaintiff was not considered to be in active employment on November 7, 2003, no benefits could rightfully be paid to Plaintiff for her rotator cuff procedure. Citizens reviewed the recommendation by Liberty to maintain its denial of benefits to Plaintiff. A letter was sent to plaintiff on March 18, 2004, denying her benefits beyond June 13, 2003.

Plaintiff authored a letter on April 5, 2004 acknowledging receipt of her denial letter, requesting an Appeal/Review of the denial, and referencing additional medical conditions such as arthritis and recent hospitalizations of a neck abscess in support of her continued claim of entitlement to Short-Term and Long-Term Benefits. (AR00156-

AR00159). Citizens requested that Liberty conduct a second review based on Plaintiff's Second Appeal. Between May 3, 2004 and May 5, 2004, Plaintiff's updated file was reviewed by Nurse Betty Todd. (AR00087-AR00088). Nurse Todd found no evidence of an impairment warranting an award of benefits. (AR00087). On or about May 4, 2004, Plaintiff's file was reviewed by Board Certified Back and Spine Specialist, Dr. Shlomo Mandel. After a full and fair review of the entire file, Dr. Mandel determined that there was no evidence of musculoskeletal or functional impairment and that he did not note any restrictions or limitations present after June 13, 2003 that would impair the Plaintiff's ability to perform her job on a full-time basis. (AR00130-AR00132).

Based on a complete absence of medical evidence to support a total disability, Liberty recommended that Citizens maintain its denial of benefits to Plaintiff beyond June 13, 2003. Citizens notified Plaintiff of its denial of her Second Appeal by letter dated May 6, 2004.

### 3. Summary of Legal Proceedings to Date

Having exhausted her administrative remedies, Plaintiff filed a Complaint with the United States District Court for the District of Rhode Island on or about September, 2004. By her Complaint, Plaintiff claims that, "Defendants Citizens Financial Group, Inc. and Liberty Mutual (sic), have unlawfully denied Plaintiff Short-Term and Long-Term Disability Benefits pursuant to the terms of the Citizens Financial Group, Inc.'s Short-Term and Long-Term Disability Plans." (Plaintiff's Complaint, ¶ 17). Plaintiff further alleges, "Defendants, Citizens Financial Group, Inc. and Liberty Mutual, have unlawfully interfered with Plaintiff's right to receive benefits under the Citizens Financial Group, Inc.'s Short-Term and Long-Term Disability Plans." (Plaintiff's Complaint, ¶ 18).

Plaintiff has brought her Complaint under 29 U.S.C. §1132 to enforce her rights under the Short-Term and Long-Term plans and seeking an award of benefits under said plans. Defendant Citizens filed its answer on October 28, 2004. Defendant Liberty filed its answer on October 29, 2004.

**D. <u>ISSUES</u>**

Whether Defendant Citizens improperly denied Plaintiff short-term disability benefits.

**E. <u>POINTS AND AUTHORITIES</u>**

**1. <u>Standard of Review for Summary Judgment</u>**

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed.R.Civ.P. 56(c)*. The critical inquiry is whether a genuine issue of material fact exists. "Material facts are those 'that might affect the outcome of the suit under the governing law.' " *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Summary Judgment is appropriate in this case because there is *no* right to a jury trial in ERISA actions where the case is decided on the administrative record. *Liston v. Unum Corp. Officer Severence Plan*, 330 F.3d 19, 24 (1st Cir. 2003).

### 2. **The Fact Finder in an ERISA Benefit Determination Does Not Have Plenary Jurisdiction**

The scope of a *de novo* review of an ERISA benefit determination is set forth in *Recupero v. New England Telephone Co.*, 118 F.3d 820 (1st Cir. 1997). In *Recupero*, the First Circuit held that:

> Civil judicial review of an out-of-court decision is fundamentally different from a paradigm civil action asserting tort, contract or property claims, or even alleged rights to equitable relief. In cases of judicial review … no need or authority exists to make factual findings of the kind regularly made by a jury or by the trial judge in a non-jury trial." *Id.* at 827.

A *de novo* review of an ERISA benefit determination is subject to certain limitations. *Id.* The fact finder does not have plenary jurisdiction to "disregard completely an out-of-court decision the court is reviewing, and itself, decide anew all questions of fact bearing on the merits of the decision … [the standard of judicial review] is to some extent deferential in the sense that the reviewing court is not to set aside a factual finding of historical fact for which the record on which the decision was made contained adequate support." *Id.* at 830.

In ERISA cases where the review is based only on the administrative record before the plan administrator and is an ultimate conclusion as to disability to be drawn from the facts, "summary judgment is simply a vehicle for deciding the issue." *Orndorf v. Paul Revere Life Insurance Company*, 404 F.3d 510, 517 (1st Cir. 2005) (*citing Liston v. Unum Corp. Officer Severence Plan*, 330 F.3d 19 (1st Cir. 2003). "This means the non-moving party is *not* entitled to the usual inferences in its favor." *Id.*

The First Circuit Court of Appeals in *Orndorf v. Paul Revere Life Insurance Company*, 404 F.3d 510 (1st Cir. 2005) held that, "the *Liston rule* about admissibility of evidence outside the administrative record applies even when the denial of benefits is subject to de novo review.... The focus of the review under de novo review is still the administrator's decision and must ordinarily be based on the administrative record." *Id.* at 519. The *Orndorf* Court held that the correct standard for a de novo review is "whether, upon a full review of the administrative record, the decision of the administrator was correct." *Orndorf*, 404 F.3d at 518 (citing *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d at 19, 24 (1st Cir. 2003).)

Here, Plaintiff bears the burden of making a "showing sufficient to establish" a violation of ERISA, namely that the benefit denial and termination was unreasonable. *Terry v. Bayer Corporation*, 145 F.3d 28 (1st Cir. 1998). If the Court determines that Citizens' decisions were correct, then Plaintiff is not entitled to any further disability benefits under the Plans. However, if the Court determines that Citizens' decisions to deny Plaintiff disability benefits were incorrect, then the Court could issue a judgment up to the date of the final denial of benefits. The Court should then remand the claim for continued handling by the claim administrator who can then determine if Plaintiff had remained totally disabled after June 13, 2003. In this case, however, several reviewing physicians and nurses fairly and accurately concluded that the medical documentation did not support a finding of total disability beyond June 13, 2004 for Plaintiff. Therefore, under the *de novo* standard of review, this Court should find that Citizens' decisions were correct.

Plaintiff bears the burden of proving her disability under the Plan. *Orndorf*, 404 F.3d at 519. Thus, to establish she was totally disabled pursuant to the Plan, Plaintiff must prove that based upon the evidence in the Administrative Record, that she was unable to work during the 180–day Qualifying disability period. Plaintiff must establish that Citizen's decision that she was not "disabled", as defined by the Plan, was wrong. Plaintiff cannot clear these hurdles.

### 3. Citizens' Decision To Deny Plaintiff's Initial Claim for Disability Benefits Beyond June 13, 2003 Was Correct

The decision to deny Plaintiff disability benefits was done in a thoughtful manner and was correct. Citizens' Short Term Disability Benefits Plan defines "Disability" or "Disabled" as meaning "*the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.*" (AR00052).

#### a. On or about July 15, 2003, Dr. Anthony Parisi conducted a full and fair review of the Plaintiff's Medical Documentation.

On July 15, 2003, Plaintiff's complete file was reviewed by an Orthopedic physician, Dr. Anthony S.D. Parisi. Dr. Parisi reviewed the following documentation:

- Medical records;
- Notes from Plaintiff's attending physician;
- Neurological Exam;
- Treatment notes; and
- Plaintiff's Plan of Medication.

Upon completion of his review, Dr. Parisi drafted a two page memorandum regarding his conclusions and recommendations, answers to specific questions with respect to the Plaintiff's restrictions and limitations, an analysis of the Plaintiff's medical condition, and a summary of his findings. This memorandum was submitted to Liberty Mutual.

The medical review performed by Dr. Parisi was full and fair with respect to the Plaintiff's claim for disability benefits.

Upon a full and fair review of the records, Dr. Parisi opined:

*"A certain amount of degenerative disease can be expected at the insured's age."* (AR00234).

*"The insured does not complain of significant pain down her upper extremities, nor does she complain of persistent numbness and tingling. True radioculopathy does not appear to be present."* (AR00234).

*"I do not feel that restrictions and limitations of a significant nature are well supported beyond the 6/11 office visit. At that visit, she appears to be doing quite well with a negative neurological exam and a reasonable range of motion. X-ray and MRI reports are not present to support advanced degenerative disease. Treatment has been reasonably appropriate."* (AR00234).

*"The insured's current plan of medication and appropriate exercise and ergonomics is reasonable.* ***I do not feel, however, that an additional eight weeks out of work is warranted, as she has already been out of work since 2/24/03. I do not think that will significantly alter her condition.****"* (AR00235).

**b. Citizens Correctly Determined that the Plaintiff Did Not Meet the Definition of "Disabled" Under the Plan.**

Based on this medical review, Liberty recommended to Citizens that there was insufficient medical evidence to support continued disability beyond June 13, 2003. (AR00228). On July 29, 2003 Plaintiff was notified by mail from Liberty that her short-term disability claim had been closed, effective June 14, 2003, because she no longer met the definition of "disability" pursuant to the Citizens Short-Term Disability Benefits Plan. (AR00223-AR00224). Again, Citizen's Short Term Disability Benefits Plan defines "Disability" or "Disabled" as meaning "*the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.*" (AR00052). Dr. Parisi's review revealed that the Plaintiff did not meet the requirements

for being "disabled" under the Plan. Therefore, Citizens' decision to deny short-term disability benefits was correct and reasonable.

**c. Plaintiff had not Fulfilled the Required "Elimination Period" to Qualify for Long-Term Disability Benefits.**

Plaintiff was also notified, in a separate letter also dated July 29, 2003, that she was not eligible for benefits under Citizens' Long-Term Disability Plan. This decision was based on the fact that Plaintiff had not fulfilled an "Elimination Period" as defined by the applicable policy. (AR00226). Citizen's Long Term Disability Benefits Policy requires that you fulfill an elimination period which is defined as "[A] period of consecutive days of Disability for which no benefit is payable. The Elimination Period is shown in the Schedule of Benefits and begins on the first day of Disability." (AR00226). In both letters, Liberty informed the Plaintiff that she had 180 days to file an appeal. (AR00224 & AR00226).

**4. <u>Citizens' Decision to Deny Plaintiff's First Appeal from Denial of Benefits Beyond June 13, 2003 was Correct.</u>**

On January 12, 2004, Plaintiff filed an appeal of the denial of disability benefits in the form of a written request. In support of her appeal, Plaintiff provided Liberty with additional medical documentation. Plaintiff was seeking payment of disability benefits beyond June 13, 2003.

**a. On or about January 15, 2004, a Liberty Consulting Nurse Performed a full and fair review of the Plaintiff's Medical Documentation.**

Plaintiff's file was subjected to a Nurse Review on or about January 15, 2004. (AR00080-AR00081). On January 16, 2004, Nurse Debra Kaye reported that Plaintiff's claims were *not* deemed to be supported beyond June 13, 2003. In the claims report,

Nurse Kaye noted that there were inconsistencies in the appeal information and contradictory information in the physical examination records from Plaintiff's physicians that were supplied on appeal by the claimant. (AR00079).

**b. On or about January 22, 2004, Dr. John Holbrook conducted a full and fair review of the Plaintiff's Medical Documentation.**

Additionally, Plaintiff's file was then sent out for review by a Liberty consulting Internal Medicine physician, Dr. John Holbrook, M.A., M.D., F.A.C.E.P. (AR00188). On January 22, 2004, Dr. Holbrook reviewed the following medical documentation and various reports:

- Statement/letter of Plaintiff dated 1/4/2004;
- Reports/Consultation notes of Dr. Jules Friedman, Otoneurologist;
- MRI reports;
- Office Notes/Progress Notes of Dr. Razib Khaund, Orthopedic Surgeon;
- An Activities Questionnaire dated 7/26/2003;
- Medical Review of Dr. Anthony Parisi dated 7/15/2003;
- Office Notes/Progress Notes of Dr. Steve Mallozzi; and
- Surveillance reports and memoranda from 7/3/2003 through 7/7/2003.

(AR00189-AR00192). Dr. Holbrook then drafted a five page memorandum regarding his recommendations, analysis, answers to specific questions with respect to the Plaintiff's restrictions and limitations, and an analysis of the Plaintiff's medical history. As such, the medical review of Plaintiff's file by Dr. Holbrook was full and fair with respect to her claim for disability benefits.

Upon completion of his thorough review of the file, Dr. Holbrook reported the following:

*"There is no indication in the medical file of impairment on the basis of the claimant's thyroid status."* (AR00188).

*"I note that the claimant complained to her internist of several months of depression on 5/30/2003, and the treatment with Lexapro was instituted. However, no impairment is claimed on a psychiatric basis ..."*(AR00188).

#662630v3
057010/123788

*"The claimant reports intermittent dizziness. ENT workup suggests that the claimant's dizziness is on the basis of a left peripheral vestibular dysfunction, probably from a past episode of labyrinthiti. The claimant's dizziness is reported as occurring once, at most twice a day and lasting only for several minutes. It is unlikely that this level of dizziness is sufficiently significant to cause any impairment that would preclude the claimant's ability to work."* (AR00189).

*"The claimant is reported to have had thyroid surgery, and is currently taking Synthroid replacement. The records reflecting the management of her thyroid status are not available for review. No current impairment is claimed on the basis of the claimant's thyroid metabolism. It is unlikely that the claimant had any limitation on the basis of her thyroid status after June 2003."* (AR00189).

*"It is unlikely that the arachnoid cyst of the claimant's superior cerebellar cistern is causing any symptoms; it is therefore unlikely that it is causing any limitations or impairment."* (AR00189).

In summary, Dr. Holbrook concluded that although Plaintiff did begin medication for depression on May 30, 2003, there was no indication from the records that she was impaired psychiatrically or continued to receive treatment for depression beyond that date. (AR00188). Furthermore, despite Plaintiff's appeal letter which indicated that she experienced dizziness, a thorough review of the medical documentation revealed that it was unlikely that the level of dizziness was sufficiently significant to cause any impairment that would preclude her ability to work. (AR00189). Dr. Holbrook did not feel that Plaintiff's appeal for benefits was supported.

**c. On or about February 12, 2004, Dr. Anthony Parisi conducted a further review of the Plaintiff's Medical Documentation that was full and fair.**

On February 12, 2004, the additional medical documentation, which was received on appeal, was also re-reviewed by Dr. Anthony S.D. Parisi, a Liberty consulting Orthopedic physician. (AR00185).

Upon a full and fair review of the Plaintiff's updated medical file, Dr. Parisi opined:

*"As far as the insured's neck complaints are concerned, there has been no new medical information of significance submitted for review since by memorandum dated July 15, 2003. My opinions concerning cervical condition, therefore, remain unchanged."* (AR00185-AR00186).

*"According to the newly submitted medical records, the insured had a rotator cuff repair completed on her left shoulder on November 7, 2003. There is no significant prior history given, nor is the operative report contained in the file…"* (AR00185).

*"As far as her cervical spine is concerned, there is no new significant medical data contained in new material that would alter my previous opinion as put forth in my last review. There is no medical documentation to support significant limitations and restrictions as far as the neck condition is concerned."* (AR00186).

According to Dr. Parisi, the office note from June 11, 2003 indicated that Plaintiff appeared to be doing quite well with a negative neurological exam and a reasonable range of motion. The Administrative Record does not show that Plaintiff could not perform the important duties of her occupation as a result of cervical pain, vertigo, depression or other ailments that Plaintiff has claimed. As outlined above, the records and opinions of several reviewing health care professionals indicated that Plaintiff would be able to return to work, despite the health issues Plaintiff alleged to suffer from.

**d. The Medical Documentation did not Support that the Plaintiff Suffered from an On-going Disability from June 11, 2003 through November 7, 2003.**

There was no medical documentation in Plaintiff's file to indicate that Plaintiff suffered from an ongoing disability from June 11, 2003 through November 7, 2003, the date when the plaintiff underwent a rotator cuff repair surgery. Plaintiff was not considered in active employment on November 7, 2003, as, according to her manager, she had not returned to work during that time period. (AR00097). Liberty determined

that based on the medical information and documentation contained in the plaintiff's file at that time, including that which was received on appeal, the plaintiff did not meet the definition of "disabled" beyond June 11, 2003. Therefore, no benefits were payable for Plaintiff's rotator cuff surgery and subsequent recovery period. Because there was no medical evidence to support total disability beyond June 11, 2003, and given that plaintiff was not in active employment on November 7, 2003, Liberty recommended to Citizens that plaintiff did not meet the contractual requirements as stated in Citizens' Short Term Disability Plan. Liberty further recommended that no further benefits be payable to Plaintiff. Citizens reviewed this recommendation, agreed with it, and sent a letter to plaintiff on March 18, 2004, denying her benefits beyond June 13, 2003.

**5. Citizens' Decision to Deny Plaintiff's Second Appeal from Denial of Benefits Beyond June 13, 2003 was Correct.**

On April 5, 2004, Plaintiff sent a letter to the Corporate Benefits Group at Citizens acknowledging receipt of a letter regarding denial of Short-Term Disability Benefits. This letter from Plaintiff also referenced medical conditions such as arthritis in Plaintiff's right knee and a recent hospitalization for a neck abscess. Plaintiff's letter included additional medical notes and test results. (AR00156-AR001159). This written request for a second appeal/review of the denial of benefits beyond June 13, 2003 was received on April 21, 2004 by "Home Office Appeals." (AR00156). Plaintiff claimed that the enclosed further medical documentation supported her claim and that Liberty did not have this information at the time of the first review. Citizens then asked Liberty to conduct a second review.

**a. On or about May 3, 2004, Nurse Betty Todd conducted a full and fair review of the Plaintiff's Medical Documentation.**

Nurse Todd reviewed the Plaintiff's medical records, including all of the documentation supplied with the appeal request and found no evidence of an impairment justifying an award of short-term disability benefits. (AR00087). Therefore, plaintiff's file was referred for an External Peer Review with a Board Certified Back and Spine Specialist. (AR00126-AR00132).

**b. On or about May 4, 2004, Dr. Shlomo Mandel Performed a Full and Fair Review of the Medical Documentation.**

On May 4, 2004, Dr. Shlomo Mandel, who is a Board Certified Back and Spine Specialist, reviewed the following materials:

- progress notes of Dr. Razib Khaund (post-thyroid surgery);
- surveillance report summarizing surveillance of Plaintiff from July 3, 2003 through July 7, 2003;
- activities questionnaire signed by Ms. Beauvais on 7/26/03;
- MRI examination of the brain dated 8/4/03;
- MRI examination report;
- reports regarding left shoulder surgery;
- otoneurology consultation notes;
- vestibular study and platform test results from 12/15/03;
- notes from consultation with Dr. Jules Friedman;
- report from Dr. Anthony Paresi;
- summary of the Plaintiff's medical history by Dr. John Holbrook (M.A., M.D.); and
- detailed job description for the position of "Supervisor, lending activities."

(AR00126-AR00129). Dr. Mandel then drafted a seven page report summarizing his review of the records, his conclusions, his responses to specific questions regarding the claimant's possible impairments, limitations, and restrictions, and an opinion with respect to whether any restrictions or limitations were present after June 13, 2003.

Based on his full and complete review of the above materials, Dr. Mandel concluded the following:

*"From my review of the medical record, there is no indication of musculoskeletal impairment ... Ms. Maureen Beauvais apparently has symptoms, which were temporarily*

*aggravated by positioning during a partial thyroidectomy surgery. In my opinion,* ***according to the clinical findings and reports, the nature and extent of the spondylitic changes in the cervical spine do not produce functional impairment.***" (AR00130-AR00131).

"***As there is no functional impairment based upon the objective medical evidence provided from a muscleoskeletal point of view, there are not significant restrictions or limitations on her functional activity,*** *Ms. Beauvais could perform carrying and lifting activities up to 20 pounds on a frequent basis, pushing, pulling and reaching activities should be on an occasional basis, there are no restrictions on her handling, occasional fingering, fine finger manipulation, talking, hearing or conversing, and there is no indication based upon the objective medical evidence provided that the clinical findings within the enclosed medical records limit her functional capacity or her ability to perform work within the sedentary to light category of work on a full time basis...*" (AR00131).

*... there is no indication of significant restriction or limitation in this case and included in this opinion in the finding of the vestibular dysfunction, cervical spondylosis and history of rotator cuff surgery in November of 2003.* ***There are no restrictions and limitations present after June 13, 2003.***" (AR00131-AR00132).

Therefore, Based on an absence of medical evidence to support total disability, Liberty recommended to Citizens that no benefits be payable to the plaintiff beyond June 13, 2003. (AR00133). Citizens agreed with the recommendation of Liberty and denied the appeal for benefits. A letter was sent to Plaintiff from Citizens on May 6, 2004 maintaining the denial of benefits beyond June 13, 2003. Therefore, Citizens' decision to deny Plaintiff's Second Appeal from denial of disability benefits was reasonable and correct.

**6. Citizens Fully Complied with the Requirements of ERISA in its Handling of Plaintiff's Claims**

Section 503 of ERISA requires plans to set up procedures to provide a *full and fair review* of denied benefit claims. With limited exceptions, claimants must exhaust those internal procedures before filing a civil action for benefits under §502 (a)(1)(B). This requirement reflects a legal presumption favoring exhaustion of internal procedures. The Plan *must* provide a reasonable procedure. It is clear from the Administrative

Record that Citizens' procedures for benefits claims were reasonable and that Citizens, in cooperation with Liberty, completed a full and fair review of the Plaintiff's medical documentation each time that she submitted a claim or filed an appeal for disability benefits under its Plans.

7. **The Standard for Obtaining Benefits Under the Plan Documents is *More* Stringent than the Standard for Obtaining benefits through the Social Security Administration**

In September of 2003 Plaintiff filed an application for Social Security Disability Benefits with the Social Security Administration. (Plaintiff's Complaint, ¶ 10). On June 9, 2004, Plaintiff was notified, by the Social Security Administration, that she was entitled to monthly Social Security disability benefits beginning in August of 2003. The Social Security Administration found that Plaintiff became disabled, *pursuant to their rules,* on February 20, 2003. (Plaintiff's Complaint, ¶ 16).

In 2000, the First Circuit Court of Appeals noted that an eligibility determination by the Social Security Administration is *not* binding on disability insurers. *Pari-Fasano v. ITT Hartford Life and Accident Ins. Co.*, 230 F.3d 415, 420 (1st Cir. 2000). The criteria for determining eligibility for Social Security disability benefits are substantively different than the criteria established by many insurance plans. *Id. See generally* 42 U.S.C. §§416(i), 423(d). Citizens did not, and does not, have to defer to the Social Security determination that Plaintiff was disabled.

8. **Conclusion**

Upon a complete examination of the medical documentation in total, it is clear that Citizens had legitimate reasons for denying Plaintiff's claims and appeals for disability benefits. Plaintiff had the burden of proving that her medical conditions made

her unable to work in her job during the relevant time period. She failed to do that. Citizens reasonably relied on the recommendations made by Liberty regarding Plaintiff's claims and appeals, and Liberty conducted a full and fair review involving six healthcare professionals. Therefore, Citizens requests that its motion for summary judgment be granted.

## 9. TABLE OF AUTHORITIES

**Cases**

*Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27 (1st Cir. 1995) .................. 7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ......................................7

*Liston v. Unum Corp. Officer Severence Plan*, 330 F.3d 19 (1st Cir. 2003) .........7, 8, 9

*Recupero v. NewEngland Telephone Co.*, 118 F.3d 820 (1st Cir. 1997) ..................8

*Orndorf v. Paul Revere Life Insurance Company*, 404 F.3d 510 (1st Cir. 2005) ...8, 9, 10

*Terry v. Bayer Corporation*, 145 F.3d 28 (1st Cir. 1998) ....................................9

*Pari-Fasano v. ITT Hartford Life and Accident Ins. Co.*, 230 F.3d 415 (1st Cir. 2000)..19

**Statutes**

*Employee Retirement Income Security Act of 1974, §502 (a)(1)(B)* .......................18

*Employee Retirement Income Security Act of 1974, §503* .................................. 18

*42 U.S.C. §§416(i), 423(d)* ...............................................................19

CITIZENS FINANCIAL GROUP, INC.
By its Attorneys,

Joseph D. Whelan (#5694)
Kristie L. McCann (#6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)

Dated: June 22, 2005

**CERTIFICATION**

To:

Anthony J. DiOrio, Esq.
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903

Andrew C. Pickett, Esq.
Richard W. Paterniti, Esq.
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116

Monica Horan, Esq.
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861

I hereby certify that I mailed a copy of the within Memorandum of Law in Support of its Motion for Summary Judgment to counsel of record, as above, on the 22nd day of June, 2005.