UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| VS | : | C.A. NO. 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

**DEFENDANT CITIZENS FINANCIAL GROUP, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Citizens Financial Group, Inc. hereby submits its Objection to Plaintiff's Motion for Summary Judgment and Plaintiff's Objection to Defendants' Motions for Summary Judgment. In support of its Objection, Defendant Citizens relies on its Memorandum of Law in Support of its Motion for Summary Judgment and its Reply Memorandum submitted herewith. Furthermore, Plaintiff hereby joins in Co-Defendant Liberty Life Assurance Company of Boston's Responses and Objections to Plaintiff's Statement of Undisputed Facts.

CITIZENS FINANCIAL GROUP, INC.
By its Attorneys,

Joseph D. Whelan (#5694)
Kristie L. McCann (#6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
401.274.2000
401.277.9600 (fax)

Dated: August 5, 2005

**CERTIFICATION**

To:

Anthony J. DiOrio, Esq.
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903

Andrew C. Pickett, Esq.
Richard W. Paterniti, Esq.
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116

Monica Horan, Esq.
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861

I hereby certify that I mailed a copy of the within Defendant Citizens Financial Group, Inc.'s Objection To Plaintiff's Motion For Summary Judgment to counsel of record, as above, on the 5th day of August, 2005.

Kristell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| VS | : | C.A. NO. 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

**DEFENDANT CITIZENS FINANCIAL GROUP, INC.'S REPLY MEMORANDUM**

Citizens Financial Group, Inc.'s ("Citizens") objection to Plaintiff Maureen Beauvais' ("Plaintiff") motion for summary judgment is based largely on irrelevant, unverified, and untrue allegations by Plaintiff. Contrary to her assertions, Citizens evaluated Plaintiff's claims fairly and reasonably. The review process was full and fair and was in compliance with the applicable ERISA guidelines.

**ARGUMENT**

**A. Citizens' Review of Plaintiff's Eligibility for Short-Term Disability Benefits and Denials of Plaintiff's Appeals were Reasonable**

Plaintiff alleges that Dr. Parisi's report was insufficient and that he failed to consider all of the evidence in making his recommendation. She provides no evidence to support her position. Contrary to her claim, the Administrative Record makes it clear that Dr. Parisi preformed a complete review of the medical records that were available to him. His recommendation was based on the June 11, 2003 medical records and notes of Dr. Khaund from Plaintiff's office visit which indicated that the Plaintiff had received a negative neurological exam and had a reasonable/good range of motion. (AR00162-163 & AR00234).

The Plaintiff further argues that Dr. Parisi should have reviewed the Information Form and Activities Questionnaire submitted by the Plaintiff. These documents, however, were submitted by Plaintiff on the same day that Dr. Parisi submitted his recommendation to Liberty; his review, therefore, had already been completed at that time. Moreover, the fact that these documents were unavailable to Dr. Parisi for his initial review is of little consequence. Dr. Parisi, upon his second review of Plaintiff's claim seven months later, maintained his opinion that the Plaintiff should be able to perform her jobs duties. Drs. Holbrook and Mandel also felt that the plaintiff did not meet the definition of disabled and both of the above physicians had access to the Information Form and Activities Questionnaire submitted by Plaintiff when they completed their reviews.

Plaintiff's allegations that the reviewing physicians ignored Plaintiff's treating physicians' opinions is also baseless. Dr. Parisi relied heavily on Dr. Khaund's progress note from Plaintiff's office visit on June 11, 2003. Similarly, the lengthy reports of Drs. Holbrook and Mandel illustrate a thorough analysis of Plaintiff's medical reports from her treating physicians (AR00188-00192 & AR00126-00132). The fact that Dr. Holbrook did not comment on areas of medicine in which he is not an expert further illustrates that his review was unbiased.

Plaintiff argues that the reviewing physicians did not have all of Plaintiff's medical records before them when they made their recommendations to Liberty. It was not, however, Citizens' duty to ensure that each and every medical record or report regarding Plaintiff's claims was submitted to Liberty's reviewing physicians. To the contrary, according to the short-term disability plan, it is Plaintiff's obligation to make sure that proof (including medical records) in support of her claim for disability benefits is provided to the sponsor. (AR00053-66). Moreover, the claims file notes in the Administrative Record reflect efforts by defendants to obtain medical

records and other relevant documentation from plaintiff's treating physicians that were above and beyond their obligations. Plaintiff had identified her treating physicians to Liberty and was aware that she was obligated to forward or have them forward any relevant medical records to Liberty Life. (AR00283, AR00310). She cannot now blame Defendants for her own failure to do so.

Defendants were obligated under the ERISA guidelines to make a timely determination of whether benefits were supported or should be denied. Therefore, Defendants were required to provide their reviewing physicians with the medical documentation that had been provided so that they could, in turn, provide a timely recommendation. The review process for short-term disability benefits provided by Citizens was reasonable.

**B. Citizens Was Under No Obligation to Perform an IME on Plaintiff**

Plaintiff argues in her Motion for Summary Judgment that Defendants' review of Plaintiff's claim was unreasonable because the reviewing physicians did not review Plaintiff or order an independent medical examination. Citizens, however, had no obligation to examine Plaintiff nor order an independent medical examination of Plaintiff in order to determine eligibility for benefits. The First Circuit held in Gannon v. Metropolitan Life Insurance Company, 360 F.3d 211 (1st Cir. 2004) that a plan administrator may rely on the assessment of a non-examining medical consultant. The First Circuit noted that it has "treated a nonexamining physician's review of a claimant's file as reliable medical evidence on several occasions." Id. at 214. Citizens acted correctly and reasonably when it relied on the recommendations of Liberty and the reviewing physicians.

### C. Plaintiff's MRI Report of December 2002 Was Not Necessary in Making a Benefit Determination Because the Medical Records from Plaintiff's Reviewing Physicians were Sufficient

Plaintiff argues incessantly that because the reviewing physicians were unable to review Plaintiff's MRI from December 2002 (which was taken prior to her thyroid surgery on February 24, 2003) that Plaintiff's efforts to secure short-term disability benefits were prejudiced. That argument fails for a number of reasons.

Plaintiff's initial claim for short-term disability was based on the fact that she was having a thyroidectomy and would require a post operation medical leave. She then sought benefits due to medical symptoms and conditions that arose subsequent to the thyroidectomy (AR00156-00159). Accordingly, a pre-surgical MRI is not relevant to Plaintiff's claims. The reviewing physicians performed their jobs correctly. They reasonably interpreted and relied on the medical records and opinions of the claimant's treating physicians.

Further, Plaintiff's appeal process spanned over a year and a half. Therefore, Plaintiff had more than enough time to provide Defendants with this MRI, if she felt it was evidence to support her claim. Dr. Khaund's medical records of Plaintiff's progress and recovery (which describe Plaintiff's negative neurological exam and reasonable range of motion on 6/11/03) were more valuable to the reviewing physicians than an old MRI would have been.

### D. The Occupational Description Used was Reviewed and Deemed Appropriate

Plaintiff alleges that the occupational description Liberty received from the Department of Labor for the position of *Supervisor, Lending Activities* was not accurate for the Plaintiff's position of *Assistant Vice President of the Loan Processing Department*. Plaintiff cites Bates stamped page 258 of the Administrative Record which is a copy of a brief letter from a

Vocational Case Manager to Mr. Jeffrey Jones at Liberty. The letter indicates that an occupational description has been sent from the Department of Labor. The letter further indicates that the job description is "basic and without input from a vocational professional." What Plaintiff failed to notify the Court was, that Liberty did, in fact, review the job description to determine that the job requirements for the Plaintiff's position at Citizens were comparable to the requirements of a Supervisor of Lending Activities and that therefore the job description that Liberty relied on was accurate. Specifically, the Liberty claims files from July 11, 2003 (CLAIM note 11) read as follows:

> *Demands of job requirements appear to be consistent with what would be expected in Supervisor, Lending Activities occupation as performed in the national economy. O*net soc title: first line supervisors, customer service. Sedentary pdc. Involves occasional reaching, handling, fingering and accommodation; constant talking, hearing, and near acuity. Work situations include directing, controlling or planning activities of others; dealing with people (beyond receiving work instructions); attaining precise set limits, tolerances, and standards (precision); AND making judgments and decisions. Information to file.*

(AR00083). It is clear from this note to the claims file that Liberty made sure to accurately determine that the description for a Supervisor of Lending Activities was similar to that of an Assistant Vice President of Loan Processing. The physical job evaluation form completed by Citizens describes Ms. Beauvais' job responsibilities as well. (AR00321). These documents were consistent and appropriate for use in the claims process.

**E. Reviewing Physicians Cannot in Good Faith Rely on Statements Made by Plaintiff or on Letters Submitted by Plaintiff**

Throughout her memorandum, Plaintiff refers to medical conditions and symptoms that only appear in one place in the AR - - a four page letter written *by* Plaintiff to Liberty.

(AR00156-159). The reviewing physicians cannot in good faith take the Plaintiff's allegations or statements submitted in personal letters as truths. The claimant is obligated to submit whatever proof or evidence she can in order to persuade the sponsor that she is entitled to benefits. A letter from a claimant, a clearly interested party, outlining her own opinions regarding her medical status is insufficient. If reviewing physicians were allowed to rely on claimant's personal statements to determine eligibility for benefits, every claimant would receive the maximum amount of benefits, with or without legitimate medical reasons supporting the award. The reviewing physicians require medical records to support the allegations made by Plaintiff. Recommendations must be based on review of the unbiased opinions of medical professionals. The reviewing physicians, therefore, reasonably relied on Plaintiff's medical records from her treating physicians.

**Conclusion**

Defendant Citizens maintains its position as set forth fully in its Motion for Summary Judgment. Citizens is entitled to Summary Judgment because Citizens (1) acted in compliance with the ERISA guidelines, specifically with §503 of ERISA, by providing Plaintiff with a full and fair review of her claims for disability benefits; (2) acted correctly when it determined that Plaintiff did not meet the definition of "disabled" pursuant to the Plan; and (3) acted reasonably

throughout its review and denial of benefits.

CITIZENS FINANCIAL GROUP, INC.
By its Attorneys,

Joseph D. Whelan (#5694)
Kristie L. McCann (#6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
401.274.2000
401.277.9600 (fax)

**CERTIFICATION**

To:

Anthony J. DiOrio, Esq.
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903

Andrew C. Pickett, Esq.
Richard W. Paterniti, Esq.
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116

Monica Horan, Esq.
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861

I hereby certify that I mailed a copy of the within document to counsel of record, as above, on the 5th day of August, 2005.

[signature]