UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS, Plaintiff, | ) | |
| v. | ) | C.A. No. 04-403T |
| CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON Defendants. | ) | |

**DEFENDANT'S OBJECTION/REPLY TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S OBJECTION TO DEFENDANT LIBERTY LIFE'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life") hereby submits its objection/reply to Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Objection to Defendants' Motion For Summary Judgment. Defendant has moved for summary judgment on Plaintiff's Complaint, because Liberty Life did not arbitrarily and capriciously deny Plaintiff's claim for long-term disability ("LTD") benefits.[1] Defendant Citizens Financial Group, Inc. ("Citizens") has also moved for summary judgment on Plaintiff's Complaint. In response to these motions, Plaintiff filed a cross-motion for summary judgment and an objection to Defendants' motions. Liberty Life now submits its objection/reply to Plaintiff's cross-motion for summary judgment and her objection to Liberty Life's motion for summary judgment.

For the reasons set forth in Defendant's initial statement of undisputed material facts and memorandum of law in support of its motion for summary judgment, as well as for the reasons set forth below, Liberty Life's Motion for Summary Judgment should be granted and Plaintiff's cross-motion for summary judgment should be denied. Liberty Life is entitled to the "arbitrary

[1] Plaintiff has conceded that she is only pursuing a claim against Liberty Life relating to her long-term disability benefits.

and capricious" standard of review in this case, and the administrative record establishes that Liberty Life's decision to deny LTD benefits to Plaintiff was reasonable.

## ARGUMENT

### I. Liberty Life's Decision Should Be Reviewed Under the "Arbitrary and Capricious" Standard of Review

In her motion, Plaintiff concedes that her claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"), as they relate to the long-term disability claim are not subject to de novo review. See Plaintiff's Brief at p. 8. Plaintiff argues, however, that a heightened standard of "reasonableness" should be applied in this case, because Liberty "is the decision-maker and payor of any and all claims for long-term disability." Contrary to Plaintiff's confusing argument, the law in the First Circuit is clear that even if Liberty Life, or any claims fiduciary, pays the disability benefits from its own assets, the decision by Liberty Life, or any claims fiduciary, is still reviewed for reasonableness under the arbitrary and capricious standard. See Pari-Fasano v. ITT Hartford Life & Accid. Ins. Co., 230 F.3d 415, 418-419 (1st Cir. 2000); Doe v. Travelers Ins. Co., 167 F.3d 53, 57 (1st Cir. 1999).

### II. Liberty Life's Decision To Deny Long-Term Disability Benefits to Plaintiff Was Reasonable

Plaintiff argues that the decision by Liberty Life to deny her LTD benefits was somehow unreasonable. Plaintiff fails to show, however, that the decision reached by Liberty Life on her claim for LTD benefits was not based on "evidence reasonably sufficient to support [its] conclusion." Pari-Fasano v. ITT Hartford Life and Accid. Ins. Co., 230 F.3d 415, 419 (1st Cir. 2000). Specifically, Liberty Life's decision was based on the "elimination period" provision in the LTD policy, and Citizens' decision to deny the continuation of Plaintiff's short-term disability ("STD") benefits. Because Plaintiff did not exhaust her STD benefits, she did not satisfy the "elimination period", and therefore was not eligible under the plan for LTD benefits.

As such, Liberty Life's decision to deny Plaintiff's request for LTD benefits was reasonable as it was compelled by the express terms of the plan.

Plaintiff's entire claim appears to be based on her attempts to discredit the findings of various independent medical reviews made during the review of Plaintiff's claim for STD benefits. These reviewing doctors concluded that Plaintiff was not disabled as defined under the short-term disability plan. She also mischaracterizes the claims review process and improperly relies on bits and pieces of the Administrative Record to argue that this Court should overturn as unreasonable Defendant's determination, because the Administrative Record may contain some potentially conflicting evidence. Plaintiff's arguments to overturn Defendant's decision fail, because the First Circuit has clearly held that instances of potentially contradictory evidence in the record do not, alone, make the administrator's decision arbitrary. See Vlass v. Raytheon Employee's Disability Trust, 244 F.3d 27, 30 (1st Cir. 2001); Sullivan v. Raytheon Co., 262 F.3d 41, 52, n.8 (1st Cir. 2001).

Moreover, Plaintiff's arguments fail, because Defendant's decision to deny Plaintiff's claim for LTD benefits was reasonable and was supported by substantial evidence in the record. As demonstrated in the entire Administrative Record that has been filed with the Court, the extensive medical evidence collected as part of Liberty Life's review of Plaintiff's claim for STD benefits reasonably supported a determination that Plaintiff was not entitled to a continuation of STD benefits. Based on this evidence and the LTD policy itself, which required that Plaintiff exhaust her STD benefits before being eligible to receive LTD benefits, Liberty Life was required to deny Plaintiff's claim for LTD benefits. As a result, Liberty Life properly denied Plaintiff's claim for LTD benefits after Citizens denied Plaintiff's appeals of her claim for STD benefits.

A. **The Claims File Supports Defendant's Decision**

In her memorandum in support of her motion for summary judgment, Plaintiff argues that the Administrative Record does not support Liberty Life's decision in this case. Contrary to Plaintiff's assertion, the Administrative Record contains substantial evidence to support Liberty Life's decision to deny Plaintiff's claim for LTD benefits. As part of its review of Plaintiff's claim for STD benefits, which was conducted pursuant to an administrative services agreement with Citizens, Liberty Life obtained four separate reports from reviewing physicians, each of whom concluded that Plaintiff was not disabled. (AR at 71-81, 176-179). Based on these records, which are part of the Administrative Record, and based on the extensive Administrative Record itself, it was more than reasonable for Citizens to deny Plaintiff's claim for STD benefits and for Liberty Life to decide that Plaintiff did not qualify for the disability benefit under her long-term disability plan.

In her memorandum, Plaintiff plainly mischaracterizes the review process. Specifically, she suggests that her claim for STD benefits was based on her pre-existing condition of cervical degenerative disc disease as well as other conditions, including depression, vertigo, and a torn rotator cuff. However, in her initial claim, Plaintiff and her treating physicians recommended that she remain out of work for her thyroid surgery on February 24, 2003. (Complaint at ¶5, AR at 199). Plaintiff only filed for disability benefits after she was scheduled for her thyroid surgery and anticipated being out of work for two weeks to recover from that surgery. (AR at 100). Indeed, she did not receive treatment for her other alleged conditions until *after* her claim for STD benefits had been denied. As such, because Plaintiff's claim had been denied at the time she received treatment for her other conditions and because she was not actively employed at that time, she is not entitled to benefits based on these other conditions. In addition, the

reviewing physicians in this case nevertheless evaluated each condition as part of Plaintiff's claim. Based on their full review, these physicians found that none of her conditions prevented Plaintiff from performing the duties of her job.

### 1. The Independent Opinions of The Reviewing Physicians Support Liberty Life's Determination In This Case

Plaintiff contends that the opinions of Dr. Parisi, Dr. Holbrook, and Dr. Mandel -- the physicians who concluded that Plaintiff's condition did not prevent her from returning to her work -- were somehow unreasonable and were inconsistent with the Administrative Record. Specifically, Plaintiff alleges that each of these physicians' opinions was unreasonable, because the physicians failed to consider certain records, did not examine Plaintiff, and failed to address certain facts or opinions in their reports. Plaintiff's argument fails, however, because Plaintiff mischaracterizes the Administrative Record and misconstrues the applicable case law.

#### a. The Reviewing Physicians Considered The Records Relating to Plaintiff's Treatment

In her memorandum, Plaintiff argues that the reviewing physicians did not consider all of the relevant evidence regarding her claim. Plaintiff offers no specific support for this argument, other than her conclusory allegation that: 1) the reviewing physicians did not review an MRI report for an MRI taken before Plaintiff filed her claim for STD benefits; 2) they did not review a job description for Plaintiff's job; and 3) they did not consider the opinions of Plaintiff's treating physicians or Plaintiff's own self-reported complaints. Contrary to this unsupported and misleading assertion, the reviewing physicians considered all of the relevant records provided by Plaintiff and her treating physicians.

First, Plaintiff contends that each of the three reviewing physicians failed to consider an MRI report from December 2002. That MRI, however, was taken *before* Plaintiff underwent the

thyroid surgery on which she based her claim for STD benefits. Specifically, Plaintiff filed for disability benefits on or about February 14, 2003 based on a thyroid surgery which was scheduled for February 24, 2003. She then remained out of work based on an exacerbation of a neck condition during surgery, which was diagnosed as cervical degenerative disc disease and cervical radiculitis. Because the MRI in question was taken before Plaintiff underwent the surgery on which her claim is based, that MRI is not relevant to Plaintiff's claim.

More importantly, the MRI was not relevant to Plaintiff's claim, because it did not relate to Plaintiff's surgery and her treatment and progress after the surgery. The only issue that Liberty Life was given to evaluate on Plaintiff's claim was whether Plaintiff could return to work after her surgery. As part of that review, Liberty Life evaluated the treatment notes of Dr. Khaund, who treated Plaintiff for the condition on which her claim was based, and the other physicians, who treated Plaintiff during that time period. The MRI report, therefore, did not relate to the treatment during the relevant time period or to Plaintiff's ability to work.

In addition, it was the responsibility of Plaintiff and her treating physicians to submit any medical records in support of Plaintiff's claim, such as the MRI report. Throughout the review process, Liberty Life requested complete medical records from Plaintiff and her treating physicians. In response, Liberty Life received the relevant records relating to Plaintiff's claim. Plaintiff was well aware of her obligation to supply relevant medical records, as Liberty Life requested that she identify her treating physicians and either forward or have them forward the medical records to Liberty Life. (AR at 283, 310). In response, Plaintiff submitted records during that review process in support of her claim. To the extent that she failed to submit certain records that she considered important or relevant to her claim, Plaintiff has only herself to blame.

Second, Plaintiff contends that the reviewing physicians were not provided with a job description for Plaintiff's position. Contrary to this assertion, the claims file contains a Department of Labor job description for Plaintiff's position and the Physical Job Evaluation Form completed by Citizens. Both of these documents describe the nature of Plaintiff's job duties. (AR at 259-265, 321). In addition, in evaluating these documents, Liberty Life determined that the demands of Plaintiff's job were consistent with the job description from the Department of Labor. (AR at 83). Based on this assessment, the Administrative Record included an appropriate job description for Plaintiff's job.

Third, contrary to Plaintiff's contention, Dr. Parisi, Dr. Holbrook, and Dr. Mandel reviewed and considered the opinions of Plaintiff's treating physicians and Plaintiff's own reported complaints. Indeed, these reviewing physicians referenced the conclusions and findings of the treating physicians in their reports. For example, Dr. Mandel devoted approximately three pages of his report to summarizing the opinions of Plaintiff's treating physicians and their descriptions of Plaintiff's complaints. (AR at 143- 149).

As discussed above, Plaintiff's challenges to Defendant's review are baseless. At best, they merely illustrate the conflicts contained in the Administrative Record, which were up to Liberty Life to reasonably decide.

**1. Dr. Parisi's Opinions Were Consistent With The Administrative Record**

In a misplaced effort to discredit Dr. Parisi's opinion, Plaintiff alleges that Dr. Parisi did not have sufficient information to render his opinions. She alleges that he did not review the MRI of December 2002, the job description for Plaintiff's job, and Plaintiff's own statement of pain in her back and neck. As explained above, Dr. Parisi reviewed the records in the claims file,

including records describing Plaintiff's job, the relevant opinions of Plaintiff's treating physicians, and her reports of pain.

Plaintiff herself completely mischaracterizes the reports of Dr. Parisi. While Dr. Parisi points out that some records are not in the claims file, he does not suggest that the absence of these records prevents him from rendering his opinion in this case. Indeed, the relevant treatment records from Dr. Khaund, which Dr. Parisi relies upon, reveal that Plaintiff's condition improved as of June 11, 2003. As of that time, Plaintiff had a negative neurological exam and reasonable range of motion. (AR at 162-163). As such, Dr. Parisi clearly considered the opinions and records of Plaintiff's treating physicians, and those records provide sufficient information to support Dr. Parisi's conclusions. In addition, the medical records in the Administrative Record, which were reviewed by Dr. Parisi, also contained Plaintiff's own explanations of her pain. (AR at 185).

### 2. <u>Dr. Holbrook's Opinion Was Consistent With the Administrative Record</u>

Plaintiff also mischaracterizes the opinion of Dr. Holbrook. Contrary to Plaintiff's assertion, Dr. Holbrook reasonably considered the entire Administrative Record, including the records from Dr. Friedman. Indeed, in his report, Dr. Holbrook summarized Dr. Friedman's opinions from his records dated December 15, 2003 and November 20, 2003. After summarizing these records, he explains that this "workup" by Dr. Friedman "suggests that the claimant's dizziness is on the basis of a left peripheral vestibular dysfunction, probably from a past episode of labyrinthitis. The claimant's dizziness is reported as occurring once, at most, twice a day and lasting only for several minutes. It is unlikely that this level of dizziness is sufficiently significant to cause any impairment that would preclude the claimant's ability to work." (AR. at 194). Clearly, Dr. Holbrook addressed Dr. Friedman's opinion.

In addition, Plaintiff improperly suggests that the review by Liberty Life was unreasonable, because various medical records were not available for Dr. Holbrook's review. In making this argument, Plaintiff fails to acknowledge that she identified several treating physicians and several conditions from which she allegedly suffered for the first time in her appeal letter. She did not identify these physicians or the other medical conditions during the initial review and failed to provide records from these physicians. Because these records related to treatment for subsequent conditions that took place after Plaintiff's claim was denied, and because Plaintiff did not submit these records, they were not available to Dr. Holbrook. In any event, they were also simply not relevant to Plaintiff's claim.

Finally, Plaintiff's argument that Dr. Holbrook improperly deferred to Dr. Parisi, an orthopedic physician, with regard to Plaintiff's cervical condition, and that he did not comment on Plaintiff's depression, is absurd. Dr. Holbrook, an internist, acted appropriately in not commenting on conditions that are beyond his area of expertise.

### 3. **Dr. Mandel's Opinion Was Consistent With the Administrative Record**

Plaintiff also attempts to discredit the review by Liberty Life on her second appeal. Again, Plaintiff contends that the third reviewing physician incorrectly reviewed her claim. Contrary to her assertions, Dr. Mandel, a board certified back and spine specialist, properly reviewed her claim.

Plaintiff's criticism of Dr. Mandel's opinion focuses on three issues – the job description in the claims file, the fact that Dr. Mandel's opinion is contrary to the opinion of her treating physician, and Plaintiff's MRI in December 2002. First, Plaintiff's conclusory argument that Dr. Mandel's opinion is incorrect, because Dr. Mandel simply did not agree with Plaintiff's treating

physician is without merit. As explained by the United States Supreme Court in Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003), plan administrators are not required to give deference to the opinions of treating physicians. In addition, to the extent that Plaintiff suggests that Dr. Mandel did not consider Dr. Khaund's opinions, Plaintiff ignores the report of Dr. Mandel. In his report, Dr. Mandel summarized Plaintiff's medical treatment and the opinions of her treating physicians, including Dr. Khaund. (AR at 143-149). As such, Dr. Mandel obviously considered and evaluated Dr. Khaund's opinions.

**b. Liberty Life Was Not Required to Rely on the Opinions of Examining Physicians**

Plaintiff also incorrectly suggests that it was improper for Defendant to rely on the opinions of Dr. Parisi, Dr. Holbrook and Dr. Mandel, because they did not examine Plaintiff. Contrary to Plaintiff's assertion and the cases from other jurisdictions on which Plaintiff relies, it was not unreasonable for Defendant to rely on the opinions of non-examining physicians. See Gannon v. Metropolitan Life Insurance Company, 360 F.3d 211 (1st Cir. 2004)(plan administrator may rely on the assessment of a non-examining medical consultant and noting that the First Circuit has "treated a nonexamining physician's review of a claimant's file as reliable medical evidence on several occasions."); Ivy v. Raytheon Employees Disability Trust, 307 F.Supp.2d 301 (D.Mass. 2004) (finding benefits determination was not arbitrary and capricious when the defendant relied upon opinions of independent non-examining physicians); Wood v. The Prudential Insurance Company of America, 2000 DNH 136 (D.N.H. 2000) (finding benefits determination was not arbitrary and capricious when the defendant relied upon opinions of independent non-examining physicians).

**2. <u>The Records From Plaintiff's Own Treating Physicians Support The Decision In This Case</u>**

As previously explained, Plaintiff's own treating physicians provided contradictory conclusions regarding Plaintiff's conditions. For example, on May 30, 2003, Dr. Mallozzi noted that Plaintiff suffered from dizziness for one week. (AR at 232). Later, on November 20, 2003, Dr. Friedman noted that she had suffered from dizziness for one year. (AR at 170). In addition, Dr. Friedman noted during his physical examination of Plaintiff that she had "good range of motion of the neck with no cervical tenderness." (AR at 209). Similarly, Dr. Khaund even found that Plaintiff had reasonable range of motion as of June 11, 2003, with a negative neurological exam. (AR. at 162-163).

Significantly, Plaintiff fails to include any of these references in her statement of facts or in her memorandum in support of her motion for summary judgment. At foundation, the opinions of Dr. Friedman, Dr. Mallozzi, and Dr. Khaund reveal a conflict among Plaintiff's own treating physicians regarding her medical condition. Such a conflict requires more deference to Defendant's decision and does not make Defendant's determination unreasonable.

**B. <u>It Is Well Settled That The Findings of the Social Security Administration ("SSA") Are Not Binding In Disability Determination Cases</u>**

In her memorandum, Plaintiff argues that the decision of the Social Security Administration ("SSA") should be considered by Liberty Life. Plaintiff correctly points out that the SSA's decision is not binding on Liberty Life under First Circuit law. Plaintiff, however, fails to also explain that the SSA decision was not provided to Liberty Life.

The First Circuit Court of Appeals has clearly explained that the decision of the SSA is not binding on a decisionmaker such as Liberty Life. <u>See</u> <u>Pari-Fasano v. ITT Hartford Life & Accident Ins. Co.</u>, 230 F.3d 415, 420 (1st Cir. 2000); <u>Smith v. Fortis Benefits Ins. Co.</u>, 2003 U.S.

App. LEXIS 20777 (1st Cir. 2003). Plaintiff's argument that the SSA decision is binding fails based on this precedent.

Further, in Black & Decker Disability Plan v. Nord, the United States Supreme Court noted the differences between the Social Security disability program and ERISA plans. Based on these differences, the Court held that, unlike the SSA, neither plan administrators, nor the Courts are required to apply the "treating physician rule" in interpreting claims for denial of benefits under ERISA. See Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003). In explaining the differences between the regulations under the SSA and those under ERISA, the Court emphasized that unlike the SSA, ERISA does not require employers to establish employee benefits plans and does not mandate what kind of benefits employers must provide if they choose to have such a plan. Id. at 833. In addition, other Courts have reiterated that the criteria for determining eligibility for Social Security disability benefits are also substantively different than the criteria established by many disability insurance plans. See Pari-Fasano 230 F.3d at 420. See generally 42 U.S.C. §416(i), 423(d). Based on these holdings, courts routinely recognize the differences between the Social Security disability program and ERISA plans and do not require plan administrators to defer to the decisions of the SSA, even when such decisions are made available to the plan administrator, which was not the case here.

### C. Regardless of Whether The Initial Review Was Proper, Plaintiff's Claim Was Given Full and Fair Review on Appeal

In her brief, Plaintiff devotes several pages to her argument that Defendant's initial denial of her claim was improper. For instance, she contends that Defendant improperly relied on the opinion of Dr. Parisi. While Defendant disputes this argument, even if this initial review was improper, the review of Plaintiff's claim on appeal or on the second appeal was complete and thorough. Indeed, Plaintiff has done little more than show that the review process was properly

followed in this case. Plaintiff raises specific issues relating to the initial denial, which were also raised in appeals of this decision. Based on Plaintiff's appeals, Liberty Life reviewed her claim two more times, and addressed in its reviews the issues on which she based her appeals. For example, after reviewing the claim, Liberty Life determined that it needed a review by two additional independent physicians. As a result, Liberty Life responded to the issues raised on appeal and provided a full and fair review of Plaintiff's entire claim. This is the express purpose of the administrative appeal process. Indeed, Liberty's approach on appeal demonstrates that the process worked appropriately.

Plaintiff argued in her appeal letters that her various conditions rendered her disabled. In her appeals, Plaintiff raised issues regarding the opinions of the reviewing physicians and provided reports from Dr. Khaund and Dr. Friedman in support of her claim. In order to provide Plaintiff with a full and fair review, Defendant determined that it was necessary to have two additional independent medical reviews performed, which included reviewing the records from Dr. Friedman and Dr. Khaund. Dr. Holbrook, a physician specializing in internal medicine, and Dr. Mandel, a board certified back and spine specialist, provided detailed reports based on their independent medical reviews. In addition, Dr. Parisi reviewed the supplemental information from Plaintiff to confirm that his opinion did not change. After reviewing the entire file, including all of the documentation submitted by Plaintiff, these physicians concluded that Plaintiff was not disabled.

For these reasons, there is substantial evidence in the record that Liberty Life conducted a full and fair review of Plaintiff's claim.

### D. Plaintiff Offers Nothing More Than Conflicting Evidence Which Does Not Make Defendant's Decision Unreasonable

In essence, Plaintiff disagrees with the conclusions of the independent reviewing physicians and contends that the entire investigation by Liberty Life was unreasonable, because it did not consider certain records that she suggests supported her claim. Contrary to this assertion, all of Plaintiff's records were considered by Defendant, and Plaintiff has provided wholly insufficient evidence that the review process was flawed or that the opinions of the reviewing physicians were unreasonable. Again, the evidence on which Plaintiff relies, at best, merely conflicts with the opinions of the reviewing physicians and nurses that reviewed Plaintiff's claim, and with opinions from her own treating physicians.

As explained by Defendant in its motion for summary judgment, Plaintiff's treating physicians offered *contradictory opinions*, thus leaving it to Liberty Life to decide, based on the administrative record, whether or not Plaintiff was disabled under the terms of the Plan. See Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 30 (1st 2001) ("Moreover, the existence of contradictory evidence does not, in itself, make the administrator's decision arbitrary."). In addition, as is evident from the administrative record, Liberty Life fully reviewed Plaintiff's claims file on appeal, including the subsequent opinion of Dr. Clough.

Finally, Plaintiff incorrectly suggests that the case law supports her assertion that Plaintiff's treating physician's opinions should have been relied upon instead of the opinions of the reviewing physicians. This argument plainly ignores the Supreme Court's opinion in Black & Decker v. Nord, supra, which Defendant presented in its memorandum in support of its motion for summary judgment. It therefore deserves no further response as it is without merit. See Black & Decker v. Nord, 123 S.Ct. 1965 (2003).

## CONCLUSION

For the reasons stated above, as well as for those presented in Defendant's Memorandum in Support of Its Motion for Summary Judgment, Defendant respectfully requests that this Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. If this Court does not grant Defendant's motion, Defendant respectfully submits that Plaintiff is only entitled, at most, to a remand of this case for further review by Defendant.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys,

Richard W. Paterniti

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700 telephone
(401) 454-8855 fax

Andrew C. Pickett
(Admitted *Pro Hac Vice*)
Richard W. Paterniti
(Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

DATED: August 4, 2005

## CERTIFICATE OF SERVICE

This hereby certifies that on this 4th day of August, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Monica Horan, Esq., 393 Armistice Boulevard, P.O. Box A, Pawtucket, RI 02861, and upon counsel for Citizens Financial Group, Inc., Joseph D. Whelan, Esq., Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, RI 02903, via overnight mail.

Richard W. Paterniti
Jackson Lewis LLP