UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MAUREEN L. BEAUVAIS,<br>Plaintiff,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC.,<br>AND LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON<br>Defendants. | C.A. No. 04-403T |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HER CROSS-MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Together with her Motion for Summary Judgment, Plaintiff included the pleading captioned "Statement of Undisputed Facts" (hereinafter referred to as "Plaintiff's Statement of Facts.") Pursuant to Local Rule 12.1, Defendant Liberty Life Assurance Company of Boston ("Liberty Life") now responds and objects to certain inaccurate and/or unsupported paragraphs in Plaintiff's Statement of Facts. Defendant notes that none of the disputed issues are material with respect to defeating Defendant's Motion for Summary Judgment. Subject to the objections and responses noted below, Defendant will accept Plaintiff's Statement of Facts as true only for purposes of Defendant's Motion for Summary Judgment, and only if the factual allegations contained therein are properly supported by evidence contained in the record as required by Rule 12.1.

Subject to and incorporating by reference the foregoing general objections, Defendant specifically responds to Plaintiff's Statement of Facts as follows:

**Paragraph 1.** Defendant denies Plaintiff's mischaracterization of her job title, and refers the Court to the administrative record, in which her job title is described by her employer as Assistant Vice President, Loan Processing Manager. (AR at 321-331).

**Paragraph 2.** Defendant denies the allegations in this paragraph and refers the Court to the short-term disability plan ("the STD plan") and the Group Disability Risk Management Agreement regarding eligibility for the STD plan and regarding the roles and responsibilities of Citizen's Financial Group, Inc., and Liberty Life under that plan. (AR at 43, 44, and 69).

**Paragraph 5.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. Plaintiff improperly cites to her own letter to Citizens as support for the allegations in this paragraph. Plaintiff failed to submit the MRI that she references in this paragraph to Liberty Life. (AR at 156).

**Paragraph 7.** Defendant denies the allegations in this paragraph as Plaintiff began receiving short-term disability benefits from Citizen's on February 24, 2003. (AR at 223, 327).

**Paragraph 8.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. The STD plan, including the definition of disability in this plan, speaks for itself. (AR at 52).

**Paragraph 10.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. The documents cited contain a description of Plaintiff's job duties. (AR at 321).

**Paragraph 11.** Defendant denies the allegation in this paragraph only to the extent

that Dr. Khaund refers to Plaintiff's condition as both cervical "DJD (degenerative joint disease)" and cervical "DDD (degenerative disc disease)" and Dr. Khaund noted that Plaintiff should stay out of work "until we can get some further improvement in terms of the overall neck discomfort itself." (AR at 277, 292, 306).

**Paragraph 12.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. The medical record to which she cites speaks for itself. That note indicates that Plaintiff suffered from cervical "DJD" and that Dr. Khaund noted that Plaintiff should stay out of work "until we can get some further improvement in terms of the overall neck discomfort itself." Dr. Khaund also noted that he would "re-evaluate in about 3-4 weeks." (AR at 315- 316).

**Paragraph 14.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. The document to which she cites speaks for itself. That document does not indicate that Dr. Khaund found that Plaintiff was "limited in her daily activities." (AR at 306- 307).

**Paragraph 16.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. The document to which she cites speaks for itself. The medical record cited by Plaintiff does not indicate that she had experienced a greater frequency of vertigo and depression since her surgery on February 23, 2003. Indeed, the office note states that she had a one-week history of vertigo as of the date of the office note, which is May 30, 2003. (AR at 232).

**Paragraph 19.** Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph. The documents to which she cites speak for themselves. (AR at 237-246).

**Paragraph 20.** Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph. In that document, a vocational case manager noted that she enclosed an occupation description for Supervisor, Lending Activities from OASYS Transferable Skills Analysis Program, which is a Department of Labor description. (AR at 258).

**Paragraph 25.** Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph only to the extent that the letter she submitted was dated January 4, 2004, not January 14, 2004. (AR at 199).

**Paragraph 26.** Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph. The document cited by Plaintiff does not indicate that she provided her consent for Liberty Life to obtain her medical records or records relating to her claim for Social Security disability benefits. (AR at 199-200).

**Paragraph 27.** Defendant denies the allegations in this paragraph, as Plaintiff fails to cite to any record indicating that she "continued to submit medical documentation to Liberty" to support her claim for benefits prior to her request for an appeal. Defendant also denies Plaintiff's mischaracterization of the document cited in this paragraph. In that document, Dr. Khaund notes that her vertigo "is not *completely* resolved." Dr. Khaund also noted that he "did not feel (Plaintiff) will be able to return to *her job* in any capacity." Finally, he noted that she had a "*likely* tear" of a rotator cuff. (AR at 164-165) (emphasis added).

**Paragraph 31.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. That document speaks for itself. Contrary to Plaintiff's assertion, Dr. Holbrook provided medical reasoning and an explanation for his conclusions. (AR at

188-192).

**Paragraph 32.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. Dr. Parisi's second report is dated February 12, 2004 (AR at 185).

**Paragraph 34.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. In its letter dated February 24, 2005, Liberty Life recommended that the denial of benefits beyond June 13, 2003 "*be maintained.*" (AR at 180).

**Paragraph 36.** Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. Dr. Mandel is not identified in that document as a Liberty Life consultant. (AR at 149). Defendant refers the Court to Dr. Mandel's report, which speaks for itself. (AR at 143-149).

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys,

Richard W. Pat

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700 telephone
(401) 454-8855 fax

Andrew C. Pickett
(Admitted *Pro Hac Vice*)
Richard W. Paterniti
(Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

DATED: August 4, 2005

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 4th day of August, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Monica Horan, Esq., 393 Armistice Boulevard, P.O. Box A, Pawtucket, RI 02861, and upon counsel for Citizens Financial Group, Inc., Joseph D. Whelan, Esq., Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, RI 02903, via overnight mail.

Richard W. Paterson

Jackson Lewis LLP