**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| v. | : | Case No.: 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. | : | |
| And LIBERTY LIFE ASSURANCE | : | |
| COMPANY OF BOSTON | : | |

**PLAINTIFF'S, MAUREEN BEAUVAIS, REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AND HER OBJECTION TO CITIZENS FINANCIAL GROUP INC.'S MOTION FOR SUMMARY JUDGMENT**

***Submitted by:***

Monica Horan, Esq. (#5227)
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861
(401) 725-7368
(401) 726-2460

**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| v. | : | Case No.: 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. And LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

## PLAINTIFF'S, MAUREEN BEAUVAIS, REPLY MEMORANDUM

Defendants' Objection to Plaintiff's Motion for Summary Judgment alleges that Plaintiff's argument is not based in fact. All of the evidence, cited by Plaintiff, is supported by the claims file submitted by Liberty. After review of their file, it is clear that this claim was not evaluated fairly or reasonably by Citizens as mandated by ERISA.

## ARGUMENT

### A. Citizens Review of Plaintiff's Claim for Short-Term Disability Benefits was Not Reasonable and Failed to Satisfy the Requirements of ERISA.

As explained in Plaintiff's Motion for Summary Judgment, Dr. Parisi's report dated July 15, 2003 failed to consider all of the relevant evidence for Plaintiff's claim and fails to provide any basis for discounting Plaintiff's treating physician's recommendations. Despite the deficiencies in this report, it is the basis for the denial of Plaintiff's short-term disability and long-term disability benefits on July 29, 2003. (AR 00223). Dr. Parisi did not have the MRI, which affected his ability to properly evaluate Plaintiff's condition. As Dr. Parisi stated in his report "Limitations and restrictions are difficult to determine at this time, as I am unaware of the degree of degenerative change in her neck." (AR 00234). Even though Dr. Parisi does not have all of the relevant information before him, he determines that Plaintiff can return to work. His only support for that position is that Plaintiff has a reasonable range of motion and a negative neurological exam. It is not clear from his report if Dr. Parisi even knows what Plaintiff's job duties are. Accordingly, Plaintiff's support or evidence

for her position that her claim was not evaluated in a reasonable or fair manner is contained in Dr. Parisi's report and what he has omitted from his report.

As evidenced by Plaintiff's Affidavit, Plaintiff submitted her medical records as best possible and attempted to submit the MRI to a representative of Liberty, but was unable to deliver it to them. (See, Plaintiff's Affidavit attached hereto as Exhibit A). Plaintiff was never given a copy of the short-term disability plan. Furthermore, Liberty informed Plaintiff that it was obtaining her records and had her sign a release for them to obtain any records. (AR 00102).

**B. THE LACK OF AN IME IS A FACTOR FOR THIS COURT TO CONSIDER**

The review of Plaintiff's claim was not reasonable because there is no contradictory evidence, such as an IME, to support the denial of her claim for benefits. Citizens cites the case of Gannon vs. Metropolitan Life Insurance Company, 360 F.3d 211 (1st. Cir. 2004) to support their position that an IME is not required. Plaintiff is not arguing that an IME is required, only that there is no contradictory evidence such as an IME to support Liberty's consultants' recommendations. Unlike in the case before the Court, the Plan Administrator in Gannon had evidence which contradicted Plaintiff's treating physicians' recommendations. In that case, the Plaintiff underwent a two-day evaluation by a physical therapist who then completed a functional capacities evaluation. Furthermore, in that case, unlike in Maureen Beauvais' case, the Plaintiff was denied Social Security Benefits. The Court held that the Plan Administrator's decision to deny benefits was supported by other contradictory medical evidence, which was contained in the file. Gannon v. Metropolitan Life Insurance Company, 360 F.3d at 215. Unlike in the Gannon case, there is no contradictory medical evidence contained in Plaintiff's file which supports the consultants recommendation that Plaintiff is not disabled and that she be denied benefits.

**C. PLAINTIFF'S MRI REPORT OF DECEMBER OF 2002 IS IMPORTANT TO FAIRLY AND REASONABLY EVALUATE PLAINTIFF'S CLAIM**

Citizens has argued that a pre-surgical MRI is not relevant to Plaintiff's claim because her initial claim for benefits was for a thyroidectomy. There are several problems with this argument. First, it is true that Plaintiff's initial claim was for a thyroidectomy. That surgery caused further complications in Plaintiff's existing medical conditions, most notably, her diagnosis of severe degenerative disc disease. Secondly, the lack of an MRI in the file may not be relevant to Citizens but it was certainly relevant to Dr. Parisi when he compiled his report of July 15, 2003. (AR 00234 – AR 00235). In that report, Dr. Parisi mentions the lack of an MRI in the file five different times in his one and one-half page report as follows:

1. "The amount of cervical degenerative joint disease she has is not clear in the file, as there is no MRI or plain x-ray report found in the file." (AR 00234).
2. "X-ray or MRI reports are not present to support advanced degenerative disease." (AR 00234).
3. "An MRI was apparently done, but the report is not contained in the file." (AR 00235).
4. "An MRI and plain x-rays would be a help in determining the severity of her condition." (AR 00235).
5. "MRI and x-ray reports are not contained in the file." (AR 00235).

This opinion was the basis for the initial denial of Plaintiff's short-term disability benefits on July 29, 2003. (AR 00223 – AR 00227). It is clear from Dr. Parisi's report that the lack of the MRI in the file was an issue for him. It is incredible that Citizens is now arguing that the MRI taken of Plaintiff in December of 2002, two months before her initial claim for benefits in February of 2003, is "irrelevant" and "old".

**D. THE ONLY JOB EVALUATION OF PLAINTIFF'S JOB WAS OUTDATED AND NOT ACCURATE FOR PLAINTIFF'S POSITION.**

The evidence that Plaintiff cites to in her brief to support her claim that the job description for Plaintiff's position is inaccurate is found in the claim file submitted by Liberty. A review of the file makes it clear that Liberty was advised to obtain further information about this job position if it was being used to make a claim determination. Liberty did not

obtain any further information, but it did make a claim determination based on an outdated job description. In the claims file, there is a letter from Patricia Thal, Vocational Case Manager to Jeffrey Jones of Liberty, dated July 11, 2003. (AR 00250). Ms. Thal attached an occupational description from the Department of Labor for "Supervisor, Lending Activities." (AR 00259- AR 00265). In the letter, Ms. Thal notes several problems with the attached job description.

1. "The claims file and industry for Plaintiff's job have <u>not</u> been reviewed by Liberty Mutual Vocational Case Manager."

2. "This is a basic description without input from a vocational professional."

3. "If a claim determination is being considered on the basis of <u>this</u> information, Disability Case Manager should consider a referral for a complete Vocational Case Manager file review and to determine if further investigation, including, but not limited to, a Labor Market Survey is needed."

4. Last update for this job description <u>1988</u>. (AR 00258). *(emphasis added)*

Despite these cautionary warnings that Plaintiff's job description may not be accurate for Plaintiff's job and further investigation was necessary if a claim was being determined on this basis, no follow-up was ever done by Liberty. In arguing that Liberty did have an accurate job description, Citizens cites some obscure note in the file that alleges that the job description "appear to be consistent." (AR 00083). There is no note as to what this is based on since Liberty never received a job description from Citizens, nor does the note explain why Liberty ignored its own Vocational Manager's advice to refer this to a complete file review. Citizens argument is not rational in light of the evidence contained in their claims file.

**E. <u>LIBERTY FAILED TO REASONABLY REVIEW PLAINTIFF'S CLAIM WHICH IS EVIDENT BY HER CORRESPONDENCE</u>**

Personnel reviewing a claims file should not rely solely on statements made by Plaintiff, but they should not discount those statements unless there is proof to the contrary. The Appeal Review Unit for Liberty informed Citizens on February 25, 2004 that

Plaintiff's benefits be denied beyond June 13, 2003. The report states that she was not receiving treatment for depression beyond May 30, 2003, when Plaintiff stated on two occasions, in her letters to Liberty, that she was still treating for depression. (AR 00182, AR 00200). Furthermore, Plaintiff's correspondence evidences her course treatment and the medical problems that she was experiencing. Since no representative from Liberty, who determined that she could work, ever spoke to Plaintiff, her correspondence is relevant to the claims' process. Therefore, Plaintiff's correspondence does reflect that Liberty did not carefully and reasonably review her claim.

**CONCLUSION**

The claims file submitted to support Citizens' denial of Plaintiff's claim for short-term disability and long-term disability is replete with evidence that this claim was not evaluated fairly and reasonably and Plaintiff respectfully requests that her Motion for Summary Judgment be granted.

MAUREEN BEAUVAIS
By her Attorney,

MONICA HORAN (#5227)
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861
(401) 725-7368
(401) 726-2460 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Reply Memorandum to Joseph D. Whelan, Esquire, Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, Rhode Island 02903; Anthony J. DiOrio, Esquire, Jackson Lewis LLP, 127 Dorrance Street, Providence, Rhode Island 02903; and Richard W. Paterniti, Esquire (pro hac vice), Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts 02116, on this 5th day of August, 2005.