**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| v. | : | Case No.: 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. And LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

FILED AUG 15 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**PLAINTIFF'S, MAUREEN BEAUVAIS, REPLY MEMORANDUM TO DEFENDANT, LIBERTY LIFE'S OBJECTION/REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

***Submitted by:***

Monica Horan, Esq. (#5227)
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861
(401) 725-7368
(401) 726-2460

**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| v. | : | Case No.: 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. | : | |
| And LIBERTY LIFE ASSURANCE | : | |
| COMPANY OF BOSTON | : | |

**PLAINTIFF'S, MAUREEN BEAUVAIS, REPLY MEMORANDUM**

Plaintiff hereby refers to and incorporates her Reply Memorandum to Defendant, Citizens, Objection to her Motion for Summary Judgment into this Reply Memorandum. Liberty did not provide a fair and reasonable review for Plaintiff's claim for disability, which is evident from their own claims file.

**A. LIBERTY LIFE'S DECISION TO DENY LONG-TERM DISABILITY BENEFITS IS UNREASONABLE.**

On July 29, 2003, Plaintiff was notified, by Liberty, that she was denied long-term disability benefits due to the fact that she failed to qualify for the 180-day elimination period required in the long-term disability policy. (AR 00226). Her initial date of disability is February 24, 2003. The 180-day elimination period would expire on or about August 24, 2003. Liberty recommended that Plaintiff be denied short-term disability benefits after June 13, 2003. (AR 00224). This recommendation is not supported by the claims records. Since the recommendation by Liberty's decision to deny short-term disability claims was erroneous, it follows that the decision to deny long-term disability claims is equally unsound. Defendant Liberty cites case law which supports their contention that in cases when there is contradictory medical evidence contained in the record, it does not automatically render an administrator's decision arbitrary. In the case of Vlass vs. Raytheon Employees Disability Trust, 224 F.3d 27 (1st Cir. 2001), which is cited by Liberty, the Court held that the administrator could weigh the conflicting medical evidence presented to it. In that case, there was an independent medical examination performed

which indicated the employee could work. There was a two-day vocational assessment done on the employee and there was a surveillance report that contradicted the employee's ability to perform some physical activity. Id. There is no contradictory evidence like that contained in the Vlass case to support Liberty's decision. Without contradictory evidence such as an IME, a doctor's evaluation or vocational assessment evidencing that Plaintiff can return to work or a surveillance report contradicting Plaintiff's position, the plan administrator's decision to deny benefits is not reasonable or rational, since it is solely based on unsupported doctor's opinions.

**B. A REVIEW OF THE CLAIMS FILE SUPPORTS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

Defendant Liberty Life's Reply Memorandum contain several erroneous assertions. Liberty claims that Plaintiff suggests that her claim for short-term disability was not based on her thyroidectomy. This is blatantly false. As stated in her Memorandum, Plaintiff applied for, and received, short-term disability benefits after her surgery for a thyroidectomy on or about February 25, 2003. (Plaintiff's Memorandum, pg.2). Thereafter, the surgery exacerbated and caused new problems for Plaintiff, both physical and psycological, most notably to severe degenerative disc disease. Liberty also asserts that Plaintiff did not receive treatment for her other alleged conditions until after her claim for short-term disability benefits was denied. This is a mischaracterization and misstatement of the claims file. On July 29, 2003, Plaintiff was notified that her claim for short-term disability and long-term disability benefits was denied. (AR 00223 – AR 00227). Prior to that, Plaintiff had treated with Dr. Khaund for her degenerative disc disease on March 5, 2003 (AR 00315), April 4, 2003 (AR 00308), May 2, 2003 (AR 00293), and June 11, 2003 (AR 00162). Plaintiff had also treated with Dr. Mallozzi for vertigo on May 30, 2003 (AR 00232). Defendant, Liberty, had a copy of all of these office visits, plus additional information from Dr. Khaund. Therefore, Plaintiff's medical complications began to occur almost immediately after the surgery and rapidly deteriorated from that point.

1. The MRI of December 2002.

Despite all of the evidence to the contrary in their own claims file, Liberty is now asserting that the MRI is not relevant and the only issue that Liberty Life was given to evaluate was whether Plaintiff could return to work after her surgery. As noted in her Reply Memorandum to Citizens, the MRI was certainly important to Liberty's consultant, Dr. Parisi. Furthermore, a review of Liberty's file demonstrates that Liberty was evaluating Plaintiff's claim based on her other conditions. Liberty hired consultants to evaluate the other conditions that Plaintiff suffered from. As early as March of 2003, Liberty's notes reflect that her degenerative disc disease was an issue in her claim.

Claim notes 3/3/03 "EE stated she has arthritis in her neck and she is seeing her arthritis doctor this week. States the arthritis doctor wanted to see her post-op to see if causing any complications." (AR 00099).

Clearly, in light of the claims file, this argument has no merit.

2. Dr. Holbrook's opinion should not form a basis upon which to deny Plaintiff's benefits.

Besides all of the problems outlined with Dr. Holbrook's report in Plaintiff's Motion for Summary Judgment, Dr. Holbrook's report is also very narrow in scope. He apparently opines that Plaintiff's restrictions and limitations are not supported beyond June 13, 2003. (AR 00188). In reaching this conclusion, he does not comment on the cervical degenerative joint disease, or the depression. Apparently, the basis for him concluding that Plaintiff has recovered after June 13, 2003 is due to the fact that a "diagnosis of a cyst of the cerebellar cistern and left peripheral vestibular dysfunction are certain. Impairment or limitations are not supported as the basis of either diagnosis." (AR 00188). Further, he opines that Plaintiff's intermittent dizziness is unlikely to cause any impairment that would preclude her ability to work. Dr. Holbrook is really only looking at two of Plaintiff's many symptoms and, based on those two symptoms alone, he assumes she should be able to return to work.

3. Dr. Mandel's Report.

As a Board certified back and spine specialist, it is curious that Dr. Mandel did not even mention that there is an MRI showing the degenerative disc disease at C5/6 of Plaintiff's spine. Dr. Mandel opines based on the reports that he listed, that Plaintiff should be able to perform frequent sitting, standing and walking activities, and she should be able to carry and lift up to 20 lbs. (AR 00148). The only basis for this conclusion is that there is no functional impairment based on the medical evidence. (AR 00148). There is the evidence to show that Plaintiff can do and perform all of the activities he suggests. Dr. Mandel does not explain who or on what basis he differs with Dr. Khaund. This report does not qualify as contradictory medical evidence.

**C. THERE IS NO SUPPORTED CONFLICTING MEDICAL EVIDENCE IN THE CLAIMS FILE TO SUPPORT LIBERTY'S DECISION TO DENY BENEFITS.**

Yet again, Liberty mischaracterized and twisted Plaintiff's arguments in direct contradiction to those made in her Motion for Summary Judgment. Now Liberty is asserting that Plaintiff's argument ignores the Supreme Court case law of Black & Decker Disability Plan vs. Nord, 538 U.S. 822, 123, S.Ct. 1965, 155 L.Ed 2d. 1034 (2003). Upon review of Plaintiff's Brief, it is clear that this is not the case. There is no dispute that Black & Decker Disability Plan vs. Nord stands for the proposition that treating physicians are not entitled to any special deference when reviewing a claim file. But, Black & Decker Disability Plan vs. Nord case does not advocate that a treating physician's opinion can be ignored, nor can a claim be denied simply on the basis of unsupported conclusions. The opinions of the consultants hired by Liberty are based upon unsupported conclusions. The case law cited by Plaintiff supports this position.

**D. AT A MINIMUM, PLAINTIFF'S CLAIM SHOULD BE REMANDED IN LIGHT OF PLAINTIFF'S AWARD OF SOCIAL SECURITY DISABILITY BENEFITS.**

Liberty continually misstates, misinterprets, and mischaracterizes the arguments and facts presented in Plaintiff's Brief. Plaintiff in her Brief stated that she

received notification of her award on June 9, 2004, after Liberty had denied her second appeal (Plaintiff's Memorandum, pg. 17). Since Plaintiff was notified after her appeal process, Liberty was not aware of the award. However, Social Security awards are a factor to be considered by this Court in making its determination. Particularly in this case, where a representative of either Liberty or Citizens encouraged Plaintiff to apply for those benefits. (See, Plaintiff's Affidavit).

## CONCLUSION

Liberty continually argues that their decision should be upheld because of conflicting evidence in the claims file. The only conflicting evidence in the file is the unsupported opinions of their own consultants. This does not meet the requirements of ERISA, as evidenced by the case law. Accordingly, Plaintiff respectfully requests that this Honorable Court grant her Motion for Summary Judgment.

MAUREEN BEAUVAIS
By her Attorney,

MONICA HORAN (#5227)
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861
(401) 725-7368
(401) 726-2460 (facsimile)

## CERTIFICATION

I hereby certify that I mailed a copy of the within Reply Memorandum to Joseph D. Whelan, Esquire, Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, Rhode Island 02903; Anthony J. DiOrio, Esquire, Jackson Lewis LLP, 127 Dorrance Street, Providence, Rhode Island 02903; and Richard W. Paterniti, Esquire (pro hac vice), Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts 02116, on this 11th day of August, 2005.