**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MAUREEN BEAUVAIS,

Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendants.

Civil Action No.: 04-403T

**DEFENDANT LIBERTY LIFE'S MOTION**
**TO STRIKE PLAINTIFF'S AFFIDAVIT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), hereby moves for an Order from this Court striking Plaintiff's Affidavit, which was filed in support of Plaintiff's reply memorandum to Defendants' objections to Plaintiff's cross-motion for summary judgment. This affidavit was filed on August 12, 2005. In support of this motion, Defendant submits a Memorandum in Support of Defendant's Motion to Strike Plaintiff's Affidavit.

Defendant certifies that it made a good faith attempt to obtain concurrence from Plaintiff regarding this motion. Plaintiff, through her counsel, indicated that she did not assent to this motion.

WHEREFORE, Defendant Liberty Life Assurance Company of moves to strike Plaintiff's Affidavit, submitted by Plaintiff on August 12, 2005 in support of her reply memorandum to Defendants' Objections to Defendant's Motion for Summary Judgment.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys,

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700 telephone
(401) 454-8855 fax

Andrew C. Pickett
(Admitted *Pro Hac Vice*)
Richard W. Paterniti
(Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

DATED: September 14, 2005

## CERTIFICATE OF SERVICE

This hereby certifies that on this 14th day of September, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Monica Horan, Esq., 393 Armistice Boulevard, P.O. Box A, Pawtucket, RI 02861, and upon counsel for Citizens Financial Group, Inc., Joseph D. Whelan, Esq., Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, RI 02903, by overnight mail.

Jackson Lewis LLP

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MAUREEN BEAUVAIS,

Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC., AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendants.

Civil Action No.: 04-403T

**MEMORANDUM IN SUPPORT OF DEFENDANT LIBERTY LIFE'S MOTION TO STRIKE THE PLAINTIFF'S AFFIDAVIT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), moves for an Order from this Court striking Plaintiff's Affidavit, which was filed in support of Plaintiff's reply memorandum to Defendants' objections to Plaintiff's cross-motion for summary judgment. Specifically, Defendant seeks to strike Plaintiff's Affidavit on the grounds that it was not part of the administrative record reviewed by Liberty Life at the time that it decided Plaintiff's claim for disability benefits. This memorandum is submitted in support of Defendant's motion to strike that affidavit.

**ARGUMENT**

Under the arbitrary and capricious/abuse of discretion standard of review applicable in this case, it is well-settled that this Court's review of the denial of Plaintiff's claim for benefits is limited to the information available to, and considered by, Liberty Life at the time of the denial. See Doe v. Travelers Insurance Company, 167 F.3d 53, 58 and n. 3 (1st Cir. 1999); Jorstad v. Connecticut Gen'l Life Ins. Co., 844 F.Supp. 46, 56 (D.Mass. 1994). It is also well-settled that

accepting additional documents and materials outside of the administrative record would "eviscerate the abuse of discretion standard, and in any case, is only justifiable where the decision itself was unreasonable or outside of a express grant of discretion. . ." Downey v. Aetna Life Insurance Company, 2003 U.S. Dist. LEXIS 8150, *38 (D.Mass. 2003).

The principle behind the rule that the Court's review is limited to the information available to Liberty Life at the time of its decision is not designed to create a stumbling block for ERISA participants and beneficiaries. Rather, it is a matter of carefully designed public policy intended to prevent the "transfer [of] the administration of benefit and pension plans from their designated fiduciaries to the federal bench." Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 and n.4 (4th Cir. 1985); see also Brown v. Seitz Foods, Inc. Disability Benefits Plan, 140 F.3d 1198, 1200 (8th Cir. 1998) (citations omitted) ("additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators"). In addition, a primary goal of ERISA was "to provide a method for workers and beneficiaries to resolve disputes over benefits *inexpensively and expeditiously*." Taft v. Equitable Life Assurance Society, 9 F.3d 1469, 1472 (9th Cir. 1993)(citations omitted)(emphasis supplied).

In the case at bar, Plaintiff attempts to circumvent this primary goal of inexpensive and expeditious resolution by submitting her own affidavit in an improper attempt to supplement the administrative record. This affidavit was not provided to Liberty Life during the claims review process and, therefore, was not considered at the time Liberty Life made its decision. As such, this Court should strike Plaintiff's Affidavit because it was not part of the administrative record and was not available to Liberty Life at the time that it rendered its decision on Plaintiff's claim.

See Chandler v. Raytheon Employees Disability Trust, 53 F.Supp.2d 84, 85 n. 1 (D.Mass. 1999)(refusing to consider evidence submitted at oral argument on motion for summary judgment because the evidence was not before plan administrator at time decision to terminate benefits was made); Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991) ("[W]hen reviewing a denial of benefits under ERISA, a court may consider only the evidence available to the administrator at the time the final decision was made."). In addition, the First Circuit has indicated that the District Court shall determine whether a decisionmaker abused its discretion in deciding an eligibility claim "in light of the information available to" the decisionmaker. See Pari-Fasano v. ITT Hartford Life and Accid. Ins. Co., 230 F.3d 415, 419 (1st Cir. 2000).

The First Circuit has also held that fact-finding or evidence outside the Administrative Record is unnecessary where the record is sufficient to demonstrate a reasonable basis for a benefits determination. See Doe, 167 F.3d at 58. In this case, the opinions of the reviewing physicians and the other records contained in the claims file are sufficient to demonstrate a reasonable basis for the denial of Plaintiff's claim for benefits. As a result, Plaintiff's affidavit is extraneous and unnecessary, and this Court should strike Plaintiff's Affidavit.

WHEREFORE, Defendant Liberty Life Assurance Company of Boston moves to strike Plaintiff's Affidavit, submitted by Plaintiff on August 12, 2005 in support of her reply to Defendants' objections to Plaintiff's cross-motion for summary judgment.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys,

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700 telephone
(401) 454-8855 fax

Andrew C. Pickett
(Admitted *Pro Hac Vice*)
Richard W. Paterniti
(Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

DATED: September 14, 2005

## CERTIFICATE OF SERVICE

This hereby certifies that on this 14th day of September, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Monica Horan, Esq., 393 Armistice Boulevard, P.O. Box A, Pawtucket, RI 02861, and upon counsel for Citizens Financial Group, Inc., Joseph D. Whelan, Esq., Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, RI 02903, by overnight mail.

Jackson Lewis LLP