# United States District Court
# for the District of Rhode Island

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| v. | : | Case No.: 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. And LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |

## PLAINTIFF, MAUREEN BEAUVAIS', OBJECTION TO DEFENDANT, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S, MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT

Now comes Plaintiff, Maureen Beauvais, by and through her attorney, and she hereby objects to Defendant, Liberty Life Assurance Company of Boston's, Motion to Strike Plaintiff's Affidavit and prays that said Motion be denied and dismissed. In support of this Objection, Plaintiff relies upon her attached Memorandum of Law.

MAUREEN BEAUVAIS
By Her Attorney,

MONICA HORAN (#5227)
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861
(401) 725-7368
(401) 726-2460 (facsimile)

**CERTIFICATION**

I, the undersigned, do hereby certify that sent a copy of the within Objection to Joseph D. Whelan, Esquire, Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, Rhode Island 02903; Anthony J. DiOrio, Esquire, Jackson Lewis LLP, 127 Dorrance Street, Providence, Rhode Island 02903; and Richard W. Paterniti, Esquire (pro hac vice), Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts 02116 on this 20 day of September, 2005.

**United States District Court**
**for the District of Rhode Island**

| | | |
|---|---|---|
| MAUREEN L. BEAUVAIS | : | |
| | : | |
| v. | : | Case No.: 04-403T |
| | : | |
| CITIZENS FINANCIAL GROUP, INC. | : | |
| And LIBERTY LIFE ASSURANCE | : | |
| COMPANY OF BOSTON | : | |

**PLAINTIFF'S, MAUREEN BEAUVAIS, MEMORANDUM IN SUPPORT OF HER OBJECTION TO LIBERTY LIFE'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT**

Plaintiff, Maureen Beauvais, hereby objects to Defendant, Liberty Life's, Motion to Strike Plaintiff's Affidavit. Plaintiff's Affidavit refers to conversations that she had with representatives of Liberty Life during the claims process for her claim for Short-Term and Long-Term Disability Benefits. These conversations took place during the claims process, it was part of the record available to Liberty Life at the time it decided to deny Plaintiff benefits and, therefore, should not be stricken from the record.

**ARGUMENT**

Defendant argues that Plaintiff's Affidavit filed in support of her Cross-Motion for Summary Judgment should be stricken because the Court's review should be limited to the information available to Liberty during the claims process and at the time it denied Plaintiff's claim for long and short-term disability benefits. Plaintiff's Affidavit submitted herein contains information that was presented to Liberty during the claims process. Plaintiff's Affidavit strictly addresses her conversations and dealings with two representatives of Liberty during the claims process. The Affidavit does not provide any information that relates to anything that happened prior to February of 2003 when Plaintiff filed for benefits, or after the claim was finally denied. Liberty argues that since this Affidavit was not presented during the claims review process, it was not considered by Liberty. This argument does not make sense. Liberty, through its representatives, made statements to Plaintiff and had conversations with Plaintiff. Liberty would be fully aware of any and all

conversations its representatives had with Plaintiff during the claims process. Accordingly, the submission of Plaintiff's Affidavit does not present material outside of the claims process, nor is it presenting any information not available to Liberty at the time. Furthermore, a one and one-half page Affidavit regarding these conversations does not circumvent ERISA's goal of inexpensive and expeditious resolution of disputes. The cases that Liberty cites in its Brief to support its position are not on point to the one before this Court, since they relate to evidence that was not present during the claims process (e.g., Jorstad v. Connecticut General Life Ins. Co., 844 F.Supp. 46, 56 (D. Mass. 1994) (medical treatment of claimant after decision to terminate benefits found improper); Brown v. Seitz Foods, Inc. Disabilty Ben. Plan, 140 F.3d 1198, 1200-1201 (8th Cir. 1998) (claimant submitted medical evidence to court not previously submitted to claim administrator); Chandler v. Raytheon Employees Disability Trust, 53 F.Supp. 2d 84 (D. Mass. 1999) (Court would not consider an article about claimant's medical condition not submitted to administration). Plaintiff's Affidavit does not present any evidence outside of the claims process, unlike the cases cited by Defendant.

WHEREFORE, Plaintiff, Maureen Beauvais, respectfully requests that this Honorable Court deny and dismiss Defendant Liberty's Motion to Strike Plaintiff's Affidavit.

MAUREEN BEAUVAIS
By her Attorney,

MONICA HORAN (#5227)
393 Armistice Boulevard
P.O. Box A
Pawtucket, RI 02861
(401) 725-7368
(401) 726-2460 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Memorandum to Joseph D. Whelan, Esquire, Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, Rhode Island 02903; Anthony J. DiOrio, Esquire, Jackson Lewis LLP, 127 Dorrance Street,

Providence, Rhode Island 02903; and Richard W. Paterniti, Esquire (pro hac vice), Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts 02116, on this 23rd day of September, 2005.

__________________________